42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary E. and Patricia ALLMON, Defendants-Appellants.
 Nos. 93-6517, 93-6518.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Gary and Patricia Allmon appeal their convictions for conspiracy and possession with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 846, and for using and carrying firearms during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). In their appeals, the Allmons raise two issues: that evidence should have been suppressed because the search warrant affidavit lacked probable cause; and, that the district court should have granted their motion for judgment of acquittal because the proof was insufficient to sustain a conviction. For the following reasons, we affirm the Allmons' convictions.
 
 
 2
 A warrant was issued to search the Allmons' residence on March 13, 1992. The warrant presented to a local judge was requested by Detective Queen of the Cleveland, Tennessee Police Department based upon information obtained through an informant. In support of this request, Queen executed an affidavit which stated: that within the last five to seven days, the informant had "purchased a one ounce bag of marijuana" at the Allmons' residence; during the same period, the informant had been to the Allmons' residence and "observed the practices of known marijuana users and dealers;" while there, the informant overheard conversations negotiating the price of marijuana; the informant had negotiated payment and ordered an ounce of marijuana within the last twenty-four hours; and, that over the last three months, the informant purchased marijuana at the Allmons' residence on several different occasions. The informant was considered credible to the officer because he was a witness with personal knowledge of the information given.
 
 
 3
 After receiving this information, the informant telephoned the Allmons' residence, at Queen's direction, in order to purchase marijuana. This telephone call was monitored and recorded. Queen observed the informant dial the Allmons' phone number. He then heard a man on the other end of the line offer to sell the informant marijuana. The man assured the informant that he had the marijuana, but to come by in the morning to purchase it as his family was sleeping at the time. No agreement as to price or amount was reached during the conversation. The informant then identified the man on the phone as Gary Allmon. Police then verified the phone number to confirm that it was the Allmons' residence.
 
 
 4
 Queen executed the search warrant at the Allmons' residence with other members of the Cleveland Police Department. The Allmons were both present during the search, were read their rights, and shown the search warrant. Gary Allmon then offered to show the location of his marijuana to the officers. He led the officers to the kitchen, where one-and-a-half pounds of marijuana were found in the cabinets, along with triple-beam scales and a large quantity of sandwich bags. Marijuana was also found in Gary Allmon's shirt pocket, as well as an ounce on the floor in the bedroom where Gary Allmon slept. Approximately a pound of marijuana was found under the front seat of a 1957 Ford pickup truck parked outside the Allmons' residence after a narcotics dog alerted to the truck. Several firearms were found within the Allmons' residence. Officers found a loaded twelve-gauge shotgun, two .22 caliber rifles, and nine hundred rounds of .22 ammunition. These were placed strategically in the corner of a hallway which had access to all the rooms. Additionally, approximately $1,200 cash was found in Patricia Allmon's purse and dresser.
 
 
 5
 The Allmons were indicted on June 8, 1993. Their trial began August 24, 1993. The Allmons' joint motion for judgment of acquittal was denied and trial was continued until the next day. The Allmons were convicted on all three counts. Gary Allmon was sentenced to five years, eight months; Patricia Allmon was sentenced to five years, six months. Both filed timely notices of appeal.
 
 
 6
 In nearly identical arguments, the Allmons each challenge the admission of evidence found during the execution of the search warrant. They each maintain that the affidavit in support of the search warrant application did not establish probable cause to issue a warrant. They rely on United States v. Leake, 998 F.2d 1359 (6th Cir.1993), and United States v. Smith, 783 F.2d 648 (6th Cir.1986), to argue that there was neither any indication of the informant's reliability nor sufficient corroboration by the police to support a determination of probable cause.
 
 
 7
 This Court pays "great deference" to a magistrate's finding of probable cause, which "should not be set aside unless arbitrarily exercised." United States v. Pelham, 801 F.2d 875, 877 (6th Cir.1986), cert. denied, 479 U.S. 1092 (1987) (citing Illinois v. Gates, 462 U.S. 213, 236 (1983)). A warrant must be upheld as long as the "magistrate had a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing." Id. at 877-78 (citations omitted). We have found two factors to be important in determining whether a confidential informant's tip provides such a "substantial basis." First, the detail of the description, and the fact that it was observed firsthand, entitle a tip to greater weight than it would be otherwise. Second, corroboration of the tip by the officers' own investigation is significant. United States v. Sonagere, 30 F.3d 51, 53 (6th Cir.1994) (citing Gates, 462 U.S. at 234, 244).
 
 
 8
 We believe that the present affidavit provides a "substantial basis" to conclude that a search would uncover evidence of wrongdoing. The informant's credibility was based on his personal knowledge of the information given. The informant had been to the Allmons' residence, overheard negotiations concerning marijuana, observed known users' and dealers' activities there, and purchased marijuana there himself on several occasions. This case is unlike Leake, because here the informant is known, but confidential; we are not dealing with an anonymous telephone informant. Instead, the facts of this case are very similar to those in Pelham, 801 F.2d at 878, where we found that there was probable cause to issue a warrant. There, the affidavit described the premises to be searched, set forth the belief that marijuana was possessed on the premises, and stated as a reason for this belief that an informant had been inside the residence within the past twenty-four hours and had seen Pelham storing and selling marijuana. Id. at 876. Beyond that statement, the informant visually identified Pelham's house to the officer seeking the warrant. Id. Here, in addition to the informant's tip, we have the corroboration of the monitored telephone call, in which a person identified as Gary Allmon negotiates the purchase of marijuana.
 
 
 9
 Because we find that the information contained in the affidavit gave the issuing magistrate a substantial basis for concluding that a search would uncover evidence of wrongdoing, it is not necessary to address the applicability of the "good faith" exception articulated in United States v. Leon, 468 U.S. 897 (1984).
 
 
 10
 The Allmons next challenge the district court's denial of their motion for judgment of acquittal. This is also styled as a claim that the proof is insufficient to sustain a conviction. They first argue that there is insufficient proof to convict them for conspiracy and possession with intent to distribute marijuana. Both of the Allmons then challenge their convictions under Section 924(c), arguing that if the underlying drug trafficking offense is overturned, the firearms conviction should be as well.
 
 
 11
 Patricia Allmon claims that the evidence shows merely that she was present when the search warrant was executed. She argues that there was no evidence that she ever purchased or sold marijuana from her residence, and no marijuana was found on her person. She maintains that the only evidence that she was involved in criminal activity is "that she slept in the same bedroom with her husband and lived in the same house."
 
 
 12
 Gary Allmon similarly challenges his conviction based on the sufficiency of the evidence and the district court's denial of their joint motion for judgment of acquittal. However, his argument concerns testimony at trial regarding the planting of drugs by police officers. He argues that this "shadow" cast upon the police should have prevented a reasonable jury from finding him guilty. He also conclusorily asserts that there was no evidence that he ever purchased or sold marijuana from his residence.
 
 
 13
 The test for denial of a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure is the same as the test for reviewing a claim that the evidence is insufficient to support a conviction. United States v. Pennyman, 889 F.2d 104, 106 (6th Cir.1989). The standard of review on questions of sufficiency of the evidence is similarly narrow. In criminal cases such as this one, we look only to whether, after reviewing "the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Indeed, even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984)).
 
 
 14
 To sustain the possession with intent to distribute charges, it must be proven that each of the Allmons (1) knowingly; (2) possessed a controlled substance; (3) with intent to distribute. United States v. Clark, 928 F.2d 733, 736 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991). In this regard, mere proximity to drugs is not sufficient proof of an intent to distribute under Section 841(a)(1). United States v. White, 932 F.2d 588, 590 (6th Cir.1991). To prove a conspiracy under 21 U.S.C. Sec. 846, "the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." United States v. Pearce, 912 F.2d 159, 161 (6th Cir.1990) (quoting United States v. Stanley, 765 F.2d 1224, 1237 (5th Cir.1985), cert. denied, 498 U.S. 1093 (1991)). The jury may infer the conspirator's knowledge and participation in the conspiracy from the surrounding circumstances. United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986).
 
 
 15
 Although Patricia Allmon argues that she was merely present where drugs were found, we disagree. Her situation differs from United States v. Peters, 15 F.2d 540 (6th Cir.1994), because she was not simply a guest at the place searched. Further, there was evidence of her involvement beyond her presence. In addition to the marijuana and weapons, a scale, sandwich bags, and $1,200 cash were found. The cash was found in Patricia Allmon's dresser and purse, and was in small denominations. At trial, DEA Agent Wayne Smith testified concerning the operations of marijuana dealers. His testimony indicated that all of these things were characteristic of marijuana dealers. Furthermore, the amount of marijuana found--over two-and-a-half pounds--was inconsistent with that of a simple user. Finally, there was testimony that Patricia Allmon used the kitchen a great deal, where over a pound of marijuana was found; this does not square with her claim of a total lack of knowledge. From this, a rational trier of fact could conclude that she knowingly possessed the marijuana with intent to distribute.
 
 
 16
 We find the evidence is also sufficient to support the conviction of Gary Allmon for conspiracy and possession with intent to distribute. In addition to the evidence discussed above, Gary Allmon admitted possessing a large amount of the marijuana, directing the police to the kitchen where a pound-and-a-half was found. His efforts to attack the credibility of the police officers involved by claiming that drugs may have been planted during the search are not persuasive, especially after offering to show them to the kitchen. The jury decides matters of credibility and whether to believe a particular witness and here their conclusion is supported by the tangible evidence.
 
 
 17
 Concerning the firearms conviction, this Court has ruled that "[s]ection 924(c)(1) reaches the possession of a firearm which in any manner facilitates the execution of a felony." United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989). " '[U]ses' ... should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." Id. Although "some relationship" must be established between the firearm and the predicate drug offense, "this burden is not difficult, especially in drug cases." United States v. Sims, 975 F.2d 1225, 1240 (6th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993). It is not even necessary that drugs be seized at the same time and place as the weapon. See, e.g., United States v. Christian, 942 F.2d 363, 365-66 (6th Cir.1991), cert. denied, 112 S.Ct. 905 (1992) (finding a 924(c) violation where $60,000 and a gun were found separate from any drugs). Rather, the question is whether the defendant used the weapon as "an integral part of his criminal undertaking." Acosta-Cazares, 878 F.2d at 952. Here, the jury rejected any other explanation for the presence of the firearms, and concluded that they were there for the purpose of protecting the cash and marijuana. This conclusion was proper under these circumstances. See United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989).
 
 
 18
 For these reasons, we AFFIRM the Allmons' convictions.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation