RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0433P (6th Cir.)
File Name: 02a0433p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

CARL RAY MILLER,
  *Defendant-Appellant.*

No. 01-5891

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 00-00053—Jennifer B. Coffman, District Judge.

Argued: October 29, 2002

Decided and Filed: December 23, 2002

Before: SILER and MOORE, Circuit Judges; McKINLEY,
District Judge.[*]

———————————

## COUNSEL

**ARGUED:** James E. Hibbard, London, Kentucky, for
Appellant. John Patrick Grant, ASSISTANT UNITED
STATES ATTORNEY, Lexington, Kentucky, for Appellee.

———————————

[*]The Honorable Joseph H. McKinley, Jr., United States District
Judge for the Western District of Kentucky, sitting by designation.

1

**ON BRIEF:**   James E. Hibbard, London, Kentucky, for Appellant.  Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, Stephen C. Smith, ASSISTANT UNITED STATES ATTORNEY, London, Kentucky, for Appellee.

McKINLEY, D. J., delivered the opinion of the court, in which SILER, J., joined.  MOORE, J. (p. 10), delivered a separate concurring opinion.

———————————

**OPINION**

———————————

McKINLEY, District Judge.  Defendant, Carl Ray Miller, appeals the district court's denial of his motion to suppress evidence obtained from a search of his mobile home. For the following reasons, we **AFFIRM** the judgment of the district court.

### STANDARD OF REVIEW

This Court reviews a district court's decision on a motion to suppress evidence under two complementary standards. *United States v. Leake*, 998 F.2d 1359, 1362 (6th Cir. 1993). First, we must uphold the district court's factual findings unless clearly erroneous. *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999).  Second, legal conclusions as to the existence of probable cause are reviewed *de novo*. *Id.*  In reviewing the district court's decision, the evidence must be viewed in the light most favorable to the government. *United States v. Walker*, 181 F.3d 774, 776 (6th Cir. 1999).

### STATEMENT OF FACTS

On July 25, 2000, Tim Fee, the Sheriff of Jackson County, Kentucky, received information from an informant named Tony Haas regarding an indoor marijuana grow operation being conducted at the mobile home residence of Carl Ray Miller.  Haas informed Sheriff Fee that he had observed the

--------------------

## CONCURRENCE

--------------------

KAREN NELSON MOORE, Circuit Judge, concurring. Although I concur in the majority's opinion, I note that this is a close case. The record is silent whether Tony Haas knew that he would be named in the affidavit in support of the search warrant, and the affidavit does not attest to Haas's reliability. Sheriff Fee's corroboration consisted of the wholly innocent facts of the location and ownership of the property. Were it not for this court's en banc opinion in *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000) (en banc), and its endorsement of *United States v. Pelham*, 801 F.2d 875 (6th Cir. 1986), I would conclude that the affidavit was insufficient. Bound as I am by *Allen* and *Pelham*, I concur.

grow operation in the early part of July 2000 while he was performing electrical and plumbing work for Miller at Miller's new home that was under construction. At Miller's invitation, Haas entered Miller's double-wide mobile home. At this time, Miller showed Haas his indoor marijuana grow operation, which consisted of three bedrooms containing numerous marijuana plants. On July 26, 2000, at approximately noon, Miller again invited Haas into his mobile home where, for a second time, Haas observed Miller's indoor marijuana grow operation, in addition to marijuana plants and marijuana being dried. At approximately 12:20 p.m. that same day, Haas called Sheriff Fee and informed him of what he had observed just a short time earlier.

Sheriff Fee conducted the following independent investigation to corroborate some of the statements made by Haas: Sheriff Fee and Haas drove to the mobile home in question and observed the residence and surrounding area; Sheriff Fee recorded directions and mileage to the mobile home; Sheriff Fee checked county records to determine the owner of the mobile home, although the result of that inquiry was not stated in the affidavit; and, Sheriff Fee learned that Miller's nickname was "Hippy." Based on these facts, Sheriff Fee, the affiant, obtained a search warrant on July 27, 2000, for the residence of Miller. The execution of the search warrant confirmed the existence of an indoor marijuana grow operation. Miller was present during the search. After he was advised of his Miranda rights, Miller waived his right to remain silent and explained that he was the sole occupant of the mobile home. Miller also accepted responsibility for the marijuana and indoor grow operation located in the mobile home.

The search of the mobile home resulted in the seizure of 304 marijuana plants, 383.49 grams (approximately one pound) of processed marijuana, marijuana cigarette butts, marijuana pipes, and glass bongs. Investigating officers also seized various equipment associated with a marijuana grow operation, including grow lights, timers, pumps, fans, and chemicals. Forensic laboratory tests confirmed that the plants

and processed substances were in fact marijuana. Subsequently, Miller was arrested and indicted on three counts: (1) intentionally manufacturing a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1); (2) knowingly and intentionally possessing with the intent to distribute a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1); and, (3) forfeiture of property used to commit or facilitate the drug crimes pursuant to 21 U.S.C. § 853.

On September 26, 2000, Miller filed a motion to suppress all evidence seized from the mobile home and the surrounding area. Miller claimed that the search warrant and affidavit were facially invalid due to a lack of probable cause. On October 11, 2000, Magistrate Judge J. B. Johnson Jr. recommended that the motion to suppress be granted. On October 25, 2000, following objections and responses by the parties, Judge Jennifer B. Coffman denied the motion to suppress. On March 2, 2001, Miller entered a conditional guilty plea to Count One. Counts Two and Three were dismissed. On June 29, 2001, the district court sentenced Miller to a prison term of 120 months, the mandatory minimum. This appeal followed.

### DISCUSSION

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV. "The test for probable cause is simply whether there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Murphy*, 241 F.3d 447, 457 (6th Cir. 2001) (quoting *United States v. Shamaeizadeh*, 80 F.3d 1131, 1136 (6th Cir. 1996); *United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993)). It is not necessary that the evidence establishing probable cause reflect the direct personal observations of a law enforcement official. *United States v. Williams*, 224 F.3d 530, 532 (6th Cir. 2000) (citing *United States v. Ventresca*, 380 U.S. 102, 108 (1965)). In fact, the evidence may be based upon a confidential

crime" than Haas's direct viewing of the indoor grow operation in Miller's mobile home.

Additional facts support the veracity and reliability of Haas. Haas explained in detail the basis by which he obtained this information. He even provided dates and times that he had been in Miller's mobile home and observed the indoor growing operation. The information provided by Haas was sufficiently detailed, rather than being generalized or ambiguous. The affidavit specifies that Miller lived in a mobile home, not just a home. Moreover, Haas apparently knew the directions to Miller's mobile home, as evidenced by Haas leading Sheriff Fee to the mobile home's location. The affidavit also specified that the drug in question was marijuana – and not just marijuana, but specifically, marijuana plants and dried marijuana. Haas further provided that the indoor marijuana growing operation could be found in three bedrooms. Haas also noted that marijuana was in the process of being dried, as opposed to simply stating that there existed dried or processed marijuana. *See, e.g., United States v. Sonagere*, 30 F.3d 51, 53-54 (6th Cir. 1994) (finding that a named informant that had never provided information to the police, and hence did not have a history of reliability, did not pose a problem given the rich detail the informant supplied and the corroborative efforts of the affiant). For all of these reasons, we find that the issuing judge had a substantial basis for concluding that a search of Miller's mobile home would uncover evidence of wrongdoing.

Because we find that the information contained in Sheriff's Fee affidavit gave the issuing judge a substantial basis for concluding that a search would uncover evidence of wrongdoing, it is not necessary to address the applicability of the "good faith" exception articulated in *United States v. Leon*, 468 U.S. 897 (1984).

### CONCLUSION

For the reasons stated, we **AFFIRM** the district court's denial of Defendant Miller's motion to suppress.

search for that evidence." *Id.* at 878. In that case, officers arrested a man (Brown) driving a truck containing six pounds of marijuana. *Id.* at 876. When asked by the officers where he obtained the marijuana, Brown responded that the drugs were from "James Pelham, at 1992 Court Avenue, in Memphis." *Id.* The officers then drove to this address, where Brown identified the residence as the place from which he had obtained the marijuana. *Id.* Immediately thereafter, one of the officers drafted the following affidavit:

> On January 8, 1985 the affiant [Swain] talked to Payton Brown who stated to the affiant that within the past twenty-four (24) hours he had been inside the above described residence of Jim Pelham and had seen Jim Pelham storing & selling Marijuana inside the aforementioned residence, the same being located in Memphis, Shelby County, Tennessee.

*Id.* Based on these facts, and no other police corroboration besides having Brown identify the residence in question, this Court held that interpreting the affiant's affidavit "in a commonsense manner . . . [the magistrate] had a substantial basis for concluding that a search would uncover evidence of wrongdoing." *Id.* at 878. According to the Court, "[t]he affidavit, which was based on the statements of a named informant, stated that 'within the past twenty-four (24) hours [Brown] had been inside the . . . residence of Jim Pelham and had seen Jim Pelham storing & selling Marijuana . . . .'" *Id.* The Court further stated, "[i]n a practical sense, there could hardly be more substantial evidence of the existence of the material sought and its relevance to a crime than Brown's direct viewing of marijuana in Pelham's house." *Id.*

Just as in *Pelham*, Haas had been in Miller's home within twenty-four hours of the issuance of the search warrant. Haas had personally observed the indoor marijuana grow operation. Furthermore, Haas was willing to be named in the affidavit. Accordingly, "there could hardly be more substantial evidence of the existence of the material sought and its relevance to a

informant's tip, so long as the issuing judge is reasonably assured that the confidential informant was credible and the information was reliable. *Id.*

The Supreme Court, in *Illinois v. Gates*, 462 U.S. 213, 238 (1983), adopted a totality of the circumstances approach to determine whether probable cause exists. "Rigid legal rules" should not be the guiding hand of probable cause determinations. *United States v. King*, 227 F.3d 732, 739 (6th Cir. 2000). Instead, the totality of the circumstances test requires the issuing judge to "make a practical, common sense decision . . . given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information." *Murphy*, 241 F.3d at 457 (quoting *Gates*, 462 U.S. at 238). While veracity, reliability, and basis of knowledge are highly relevant in determining the value of an informant's report, these elements are not separate and independent requirements that are to be inflexibly exacted in every case. *Gates*, 462 U.S. at 230. Rather, "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id*. at 233 (citations omitted).

An issuing judge's findings of probable cause should be given great deference by the reviewing court and should not be reversed unless arbitrarily exercised. *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (citing *United States v. Swihart*, 554 F.2d 264, 267-68 (6th Cir. 1977)). Courts should review the sufficiency of an affidavit underlying a search warrant in a commonsense, rather than hypertechnical, manner. *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986) (citing *Ventresca*, 380 U.S. at 109). The traditional standard for reviewing an issuing judge's finding of probable cause "has been that so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Id.* (quoting *Gates*, 462 U.S. at 236).

Accordingly, the issue in this case is whether the "totality of the circumstances" supported the issuing judge's determination that there was a "substantial basis" to conclude "that a search would uncover evidence of wrongdoing." The issuing judge had before him the affidavit submitted by Sheriff Fee in support of the search warrant in question. That affidavit provided in pertinent part as follows:

Affiant has been an officer in the aforementioned agency for a period of 10 years and the information and observations continued [sic] herein were received and made in his capacity as an officer thereof.

On the 26th day of July 2000, at approximately 12:20 p.m., affiant received information from/observed: Tony Haas. Tony Haas states that he had been working for Carl R. Miller doing electrical and plumbing work on Mr. Miller's new house. Mr. Miller invited Tony Haas into his double wide mobile home and showed Tony Haas his indoor growing operation. Growing operation consisted of three bedrooms that contained numerous marijuana plants. Tony Haas observed this indoor growing operation in the first part of July 2000. On July 26, 2000 at approximately 12:00 p.m. Tony Haas was in the double wide mobile home of Carl R. Miller and again saw the indoor growing operation and the marijuana plants in the mobile home and Tony Haas observed marijuana being dried in the mobile home.

Tony Haas told the affiant on July 25, 2000 of what he had observed in the mobile home of Carl R. Miller and showed the affiant the location of Carl R. Miller's mobile home. On July 26, 2000 Tony Haas called the affiant at approximately 12:20 and informed the affiant as to what he had observed in the mobile home on July 26, 2000.

Acting on the information received, affiant conducted the following independent investigation: Tony Haas and affiant drove to the location of the mobile home, observed the mobile home and surrounding area, wrote down the direction and mileage to get to the mobile

home. The affiant went to the Jackson County PVA Office to determine who owned the property. The affiant learned that Carl R. Miller was also known by the nickname of Hippy.

Miller argues that the affidavit was insufficient to establish probable cause insofar as it failed to provide any basis as to the reliability or veracity of the informant. More specifically, Miller argues that a named informant who has never before given information to the police is tantamount to an anonymous tipster. As such, Miller maintains that the review of such an affidavit should be conducted under the standards applied to anonymous tipsters, i.e., the requirement of substantial police corroboration.

We disagree with Miller and find that the affidavit provides a substantial basis to conclude that a search would uncover evidence of wrongdoing. The simple fact is that the informant, Haas, was named in the affidavit in question. Sheriff Fee spoke to Haas on two occasions over the telephone. Shortly after one of those calls, Sheriff Fee and Haas drove together to the location of Miller's mobile home. That being so, Haas was not an anonymous tipster and will not be treated as such. Moreover, with Haas's identity secured, Haas himself was subject to prosecution if this information was fabricated.[1] *Adams v. Williams*, 407 U.S. 143, 146-47 (1972).

The facts of this case are very similar to those in *United States v. Pelham*, 801 F.2d 875 (6th Cir. 1986), where we found that there was probable cause to issue a warrant. In *Pelham*, this Court held that "[w]hen a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a

---

[1] Kentucky Revised Statutes § 519.040 provides that "[a] person is guilty of falsely reporting an incident when he knowingly gives false information to any law enforcement officer with intent to implicate another." Such an offense is a Class A misdemeanor.