**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0654n.06
Filed: September 5, 2007

**No. 05-1034**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR** |
| v. | ) | **THE EASTERN DISTRICT OF** |
| | ) | **MICHIGAN** |
| **CHRISTOPHER SCOTT PERRY**, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     DAUGHTREY and GIBBONS, Circuit Judges, and SCHWARZER,[*] District
Judge

**WILLIAM W SCHWARZER, District Judge.**  Christopher Scott Perry appeals his

conviction on ten counts of manufacturing, possessing and distributing methamphetamine and

related controlled substances offenses.  21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) & 846; 21 U.S.C.

§§ 841(a)(1) & 841(b)(1)(C) and 18 U.S.C. § 2; 21 U.S.C. § 844(a) and 18 U.S.C. § 2; 21 U.S.C.

§ 844(a) and 18 U.S.C. § 2; 18 U.S.C. §§ 924(c)(1)(A)(I) & 2; 18 U.S.C. §§ 922(g)(3) &

924(a)(2); 21 U.S.C. §§ 856(a)(1) & (b) and 18 U.S.C. § 2; 21 U.S.C. § 858; 21 U.S.C. § 844(a);

18 U.S.C. §§ 922(g)(3) & 924(a)(2).  On appeal Perry contends that products of the search of 530

North Coolidge Street should have been suppressed and that two of the counts of conviction were

multiplicitous.  Finding the contentions without merit, we affirm.

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

No. 05-1034
*United States of America v. Christopher Scott Perry*

**FACTS AND PROCEDURAL HISTORY**

On February 6, 2003, police executed a search warrant at 530 North Coolidge Street in Harrison, Michigan. In a pole barn on the property, officers found and arrested Christopher Perry and Kenneth Kenny.[1] Within the barn officers discovered a partitioned area that contained a methamphetamine manufacturing lab. Officers also uncovered sixty weapons on the property.

The magistrate judge issued the search warrant based on an affidavit by Detective Daniel King. The affidavit described Detective King's experience and explained that much of the information came from an interview with a named informant. The informant, while in a relationship with Joseph Kozma, had received methamphetamine from him and had helped him purchase numerous items necessary for the manufacture of methamphetamine. She indicated that Kozma had associates, including Perry and Kenny, who manufactured methamphetamine on the 530 North Coolidge Street property. In late December 2002, she saw boxes containing methamphetamine and marijuana on the property. On February 1, 2003, while the informant was looking for Kenny at 530 North Coolidge Street, Kozma told her Kenny could not come out of the pole barn because he was "cooking." To the informant this meant Kenny was manufacturing methamphetamine. On the same occasion at 530 North Coolidge Street, she saw people smoking marijuana and Kozma purchasing marijuana inside a trailer located on the property. Through driving records, King confirmed that two other associate of Kozma, Nicky and Candy Searfoss,

---

[1]This panel has disposed of Kenny's claims in a separate, published opinion. *United States v. Kenny*, No. 05-2195.

resided at 530 North Coolidge Street.[2]

Perry's pretrial motion to suppress the evidence obtained during the search of 530 North Coolidge Street was denied. At trial Perry moved for acquittal under Rule 29, arguing that count two was multiplicitous with count nine and count seven was multiplicitous with count twelve. The court denied the motion. On May 4, 2004, the jury convicted Perry on ten counts. The court sentenced Perry to concurrent terms of 235 months, 120 months, and 12 months, with a 60 month consecutive sentence. Perry timely appealed.

**DISCUSSION**

**I.**

"When reviewing decisions on motions to suppress, this court will uphold the factual findings of the district court unless clearly erroneous, while legal conclusions are reviewed de novo." *United States v. Weaver*, 99 F.3d 1372, 1376 (6th Cir. 1996). The magistrate judge's decision to issue the warrant is given great deference, with this court determining whether the magistrate judge "had a substantial basis for finding that the affidavit established" a "'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (per curiam).

The crux of Perry's argument on appeal is not that the facts within the affidavit could not support probable cause but that the information provided by the informant was unreliable because King provided scant corroboration and the informant's motives for talking to the police were

---

[2]Based on another search warrant, officers searched Perry's residence, finding multiple weapons and 343.91 grams of marijuana.

omitted. "When a witness has seen evidence in a specific location in the immediate past [24 hours], and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence." *United States v. Pelham*, 801 F.2d 875, 878 (6th Cir. 1986); *see also United States v. Miller*, 314 F.3d 265, 270-71 (6th Cir. 2002) (similar facts to *Pelham* and noting that a first-time informant's information can be reliable when they are named and they provide detailed information); *United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (informant observed cocaine seventy-two hours before issuance of the warrant). Here, the affidavit established the informant had the experience necessary to identify methamphetamine and had observed both methamphetamine and marijuana on the property slightly over a month prior and five days prior to the issuance of the warrant. While these observations are outside the twenty-four hour window of *Pelham* and *Miller*, they are not too remote in time and have the benefit of establishing ongoing criminal activity. Further, the officers in *Pelham* and *Miller* only corroborated the informants' facts by conducting drive by identifications with the informants in the officers' vehicle. *Miller*, 314 F.3d at 267; *Pelham*, 801 F.2d at 876. Here, King confirmed that one of Kozma's associates, Nicky Searfoss, resided at 530 North Coolidge Street. Under *Pelham* and *Miller*, this corroboration, when combined with the informant's detailed statements—some of which were against her penal interest, *see United States v. Barone*, 584 F.2d 118, 122 (6th Cir. 1978)—made her statements sufficiently reliable to be used in support of the probable cause determination.

Additional information describing the informant's romantic involvement with Kozma and her alleged status as a suspect in an arson investigation would not make her statements any less reliable. On appeal, Perry cites no case law in support of the proposition that "critical information

regarding [an informant's] reason for misdirecting law enforcement['s] attention away from [her]" should have been included. Certainly, Perry has not met the burden of showing that "specified portions of the affiant's averments are deliberately or recklessly false." *United States v. Atkin*, 107 F.3d 1213, 1216 (6th Cir. 1997) (quotation omitted) (stating that material omissions are less likely to raise an issue under *Franks v. Delaware*, 438 US 154 (1978)); *see also Pelham*, 801 F.2d at 878 (affidavit that did not state that the informant was under arrest when he made the statements was sufficient to support probable cause). Accordingly, the motion to suppress was properly denied.

## II.

Perry contends that count two, manufacturing methamphetamine, was multiplicitous with count nine, creating a substantial risk of harm to human life while manufacturing and attempting to manufacture methamphetamine. He also contends that counts seven and twelve, both involving possession of firearms, were multiplicitous. He originally raised this claim at the conclusion of the government's proofs and renewed the claim at the close of all the evidence. The district court denied both motions in reference to counts two and nine but reserved ruling on counts seven and twelve.[3]

As an initial matter, the government argues Perry waived this issue because he did not raise it prior to trial. This argument is correct with regard to Perry's right to appeal any issue he may have with the indictment itself. However, under *United States v. Abboud*, Perry has not waived his right to object to "the resulting substantive error of multiple sentences in violation of the Double Jeopardy Clause." *United States v. Abboud*, 438 F.3d 554, 567 (6th Cir. 2006). Perry argued this substantive

---

[3]The district judge never explicitly denied the motion for counts seven and twelve, but he did impose judgment on June 13, 2005.

error each time he brought a motion, and he again raised the issue on appeal. Thus, Perry has not waived this issue.

Although neither side cites to a standard of review, Perry's argument lacks merit under any standard. This court's test for whether two statutes are multiplicitous does not depend on the factual circumstances of a particular case. *United States v. Zackert*, 783 F.2d 677, 679 (6th Cir. 1986). Instead, a "court looks to whether every violation of one statute entails a violation of another." *Id*. If every violation of one does not entail violation of the other, "the appellant must offer evidence that Congress did not intend to allow separate punishment for the two different offenses." *Id*. A defendant may violate 21 U.S.C. § 841(a)(1) (manufacturing, distributing or possessing a controlled substance) without violating 21 U.S.C. § 858 (creating a substantial risk of harm to human life while attempting to manufacture a controlled substance) because one may possess or manufacture a controlled substance in a manner which does not endanger others. And as the government argues, a defendant can violate § 858 by attempting to manufacture a controlled substance in a harmful way but not violate § 841 because the defendant fails to successfully complete the manufacturing process. Further, Perry has failed to offer "evidence that Congress did not intend to allow separate punishment for the two different offenses."

Perry's argument that counts seven and twelve are multiplicitous is likewise not well taken. Count seven charged Perry with possessing firearms at 530 North Coolidge Street while being an unlawful user of a controlled substance. Count twelve charged Perry with similar conduct at 4910 North Finley Lake Road. Under this court's precedent, a defendant may be convicted of multiple counts of possessing a firearm if he possessed those firearms at different locations. *United States*

No. 05-1034
*United States of America v. Christopher Scott Perry*

*v. Adams*, 214 F.3d 724, 728 (6th Cir. 2000); *United States v. Vance*, 724 F.2d 517, 518 (6th Cir.

1983). Counts seven and twelve involved possession at different locations and, consequently, were

not multiplicitous.

For the reasons stated, the judgment is **AFFIRMED.**