**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0725n.06
Filed: October 10, 2007

**No. 06-1437**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES |
| | ) | DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT |
| | ) | OF MICHIGAN |
| WILLIAM E. POPHAM, | ) | |
| | ) | **OPINION** |
| *Defendant-Appellant*. | ) | |

**BEFORE:     COLE and COOK, Circuit Judges; and FROST, District Judge.**[*]

**GREGORY L. FROST, District Judge.** Appellant, William E. Popham, appeals the denial of his motion to suppress in his underlying criminal proceedings. Popham argues that there was insufficient probable cause to support a warrant that was issued for the search of his property and the related seizure of marijuana and firearms because the supporting affidavit detailed a prior impermissible search, a confidential tip was involved, affidavit information of the trooper who obtained the warrant was false or made with a reckless disregard for the truth, and the warrant was overbroad. For the reasons that follow, the Court **AFFIRMS**.

**I. BACKGROUND**

---

[*] The Honorable Gregory L. Frost, United States District Judge for the Southern District of Ohio, sitting by designation.

1

Just prior to sunrise on September 12, 2004, Michigan State Police Trooper William Veltman walked through the woods until he came to the fenced property of Appellant, William E. Popham, and Popham's uncle, Michael Crane. Veltman had received a tip from a confidential informant that Popham and Crane were growing marijuana. He had previously been present during a March 2000 execution of a search warrant on the same property, but after evidence obtained during that search was suppressed, charges against Popham and Crane had been dismissed.

Over the course of thirty to forty minutes, and from a distance of some 120 to 150 feet, Veltman observed the shape of two marijuana plants growing inside a greenhouse on Popham's property. Veltman therefore applied for a search warrant the next day. In addition to detailing his experience and background, Veltman's affidavit described his observation of the property and the two marijuana plants. Veltman obtained the search warrant that same day.

The warrant covered a mobile home located on Popham's property, in addition to all outbuildings, vehicles, and persons at the property. The warrant also provided for the seizure of all controlled substances and firearms used in the trafficking of controlled substances. The search warrant was executed on September 14, 2007 and led to the seizure of 143 marijuana plants and several firearms, in addition to numerous possessions.

In a nine-count Indictment, Popham was charged with one count of manufacturing and possessing with intent to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), as well as eight counts of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Both he and Crane, a co-defendant, moved to suppress the evidence obtained during the search. After the district court held an evidentiary hearing, the trial judge found that

the warrant was overbroad in part but upheld the seizure of the marijuana plants and firearms. Subsequent motions for reconsideration by Popham and Crane were unsuccessful.

Pursuant to a plea agreement that preserved his right to appeal the suppression decision, Popham entered a Fed. R. Civ. P. 11(a)(2) conditional guilty plea to one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). The district court dismissed the remaining charges and sentenced Popham to two concurrent terms of 84 months imprisonment, followed by four years of supervised release. Popham timely appealed.

## II. ANALYSIS

When reviewing the denial of a motion to suppress, this Court reviews a district court's findings of fact for clear error and its legal conclusions de novo. *United States v. Tackett*, 486 F.3d 230, 232 (6th Cir. 2007) (citing *United States v. Davis*, 430 F.3d 345, 351 (6th Cir. 2005)). In conducting its review, the Court necessarily views the evidence in the light most likely to support the district court's decision. *Id.* (citing *United States v. Rodriguez-Suazo,* 346 F.3d 637, 643 (6th Cir. 2003)).

This Court has held that " '[a]n issuing judge's findings of probable cause should be given great deference by the reviewing court and should not be reversed unless arbitrarily exercised.' " *United States v. Combs*, 369 F.3d 925, 937-38 (6th Cir. 2004) (quoting *United States v. Miller,* 314 F.3d 265, 268 (6th Cir.2002), *cert. denied,* 539 U.S. 908 (2003) (citations omitted)). Thus, "[a]s long as the issuing judge had a 'substantial basis' for determining that a search would uncover evidence of wrongdoing, the warrant must be upheld." *Id.*

It is beyond question that the portion of Veltman's affidavit that relied on a March 2000

3

search pursuant to a flawed warrant could not present a substantial basis for probable cause. Veltman's affidavit did in fact reference that trooper's knowledge of the execution of a 2000 search warrant, and it is true that this prior warrant lacked probable cause and resulted in suppression. But as Popham notes on appeal, the trial court properly excised from its analysis those portions of Veltman's affidavit that referenced the 2000 search. Thus, the issue is whether the untainted portions of Veltman's affidavit present probable cause. *See United States v. Shamaeizadeh*, 80 F.3d 1131, 1136 (6th Cir. 1996) (explaining that the remaining information in a redacted affidavit can support probable cause).

Popham argues that the affidavit does not present a substantial basis for probable cause in part because it relied upon an unnamed informant's tip. The district court, however, also understandably disregarded reliance on the informant. *See United States v. Hammond*, 351 F.3d 765, 772 (6th Cir. 2003) (holding that a tip that is "vague, not obviously reliable, and entirely unsupported by any independent investigation" is, "on its own, . . . insufficient for establishing probable cause"). Notably, the trial court also stated that Popham conceded that "Trooper Veltman's personal observations alone would establish probable cause to search the premises, provided that they are true and not themselves tainted by illegal action." (JA at 101.)

Given the district court's actions, it is unclear why Popham devotes attention in his briefing to how the foregoing aspects of Veltman's affidavit cannot establish probable cause. What is clear is that the trial court expressly credited Veltman's personal observations—his adequate independent investigation—and concluded that the trooper's statements were neither false nor reckless. On appeal, Popham essentially asks this Court to reject what he describes as Veltman's "incredible" and "unbelievable" testimony in light of evidence of reduced visibility.

4

This Court has previously explained that "[a] factual finding will only be clearly erroneous when, although there may be evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Foster*, 376 F.3d 577, 583 (6th Cir. 2004). To reach such a conclusion here would require the Court to credit Popham's evidence while disbelieving Veltman's testimony. But this Court is not in the business of such unwarranted second-guessing of a trial court's acceptance or rejection of testimony.

The record reflects Veltman's testimony that, with some admitted difficulty, he observed the marijuana plants. The record also reflects Popham's presentation of evidence intended to persuade the district court that such observation was either impossible or so unlikely so as to constitute a reckless conclusion. A district court, which is in the best position to judge credibility, is entitled to credit the testimony of one witness over another. *United States v. Foster*, 376 F.3d 577, 584 (6th Cir. 2004). A reviewing court must accord great deference to such credibility determinations. *Id.* Thus, recognizing the district court's latitude in evaluating the veracity and difficulty of Veltman's asserted observations, this Court can only conclude that the evidence taken as a whole supports the trial court's finding that the experienced and trained trooper had indeed personally observed marijuana plants prior to obtaining the warrant. This finding was not clearly erroneous so as to require reversal. Veltman's observations, standing alone, amount to probable cause.

Popham's argument that the scope of the search and seizure compels suppression similarly fails. The court below upheld the warrant's description of the places to be searched, but held that portions of the warrant describing the items to be seized were flawed. Popham argues

that by covering the structures beyond a single greenhouse, the warrant was impermissibly broad in the scope of the search. He also argues that the valid part of the search warrant's items to be seized was so insignificant that suppression of all of the evidence seized was required.

The scope of the warrant as to the places to be searched was not overly broad. As the government argues in its brief, the *context* of the search determines the *scope* of the search. Thus, as Popham points out, quoting *Maryland v. Garrison*, 480 U.S. 79, 84 (1987), it is illogical to search an upstairs bedroom in connection with a stolen lawnmower that is likely in a garage. In this case, however, the fact that there were three makeshift greenhouses on the property, one of which included two visible eight-feet-tall marijuana plants, provides probable cause to believe that the defendant is in the *business* of growing and selling marijuana. Accordingly, it is logical that evidence of a marijuana business (e.g., weapons, financial documents, etc.) would be found in more than one structure on the property, including the residence. In short, because there was probable cause to believe Popham was running a marijuana business, the scope of the search properly included the other structures within the curtilage.

Finally, although the portion of the search warrant that authorized the seizure of "[a]ny and all . . . items of value" that were proceeds of or used to facilitate Popham's drug trafficking was overbroad, the appropriate remedy is just what occurred in the district court: severance of the overbroad provisions from those provisions that are of sufficient specificity. *See United States v. Ford*, 184 F.3d 566, 578 (6th Cir. 1999) ("[Defendants] argue that since the warrant was overbroad, all the evidence seized under it should be suppressed. To the contrary, the remedy for an overbroad warrant is to sever the overbroad portions of the warrant from those portions that are sufficiently particular." (citing *United States v. Blakeney*, 942 F.2d 1001, 1027 (6th Cir.),

6

*cert. denied*, 502 U.S. 1008 (1991))).  There are no distinguishing factors present here to compel departing from this settled Circuit precedent.

### III.  CONCLUSION

The trooper's affidavit underlying the search warrant contained untainted evidence that the affiant had personally observed marijuana.  Because there is no basis for overturning this credited testimony, the affidavit presented probable cause supporting the issuance of the warrant.  That warrant also properly permitted the search of all structures on the property, and the appropriate remedy for an for an overbroad warrant is to limit the warrant to those portions that are sufficiently particular.  Accordingly, the Court **AFFIRMS**.