KAREN NELSON MOORE, Circuit Judge,
dissenting in part and concurring in part.
I dissent from Parts I and II of the majority opinion because I believe that the affidavit is not sufficient to support a finding of probable cause and that the Leon good-faith exception does not apply. I concur in Part III.
I. THE AFFIDAVIT IS INSUFFICIENT TO SUPPORT A FINDING OF PROBABLE CAUSE
I disagree that the “relatively thin justification for probable cause” in the affidavit “contains enough” to support a finding of probable cause, Majority Op. at 308, because I believe that the affidavit does not contain a “totality” of facts to provide a reasonable basis for the belief that evidence of a marijuana grow operation, or any continuing marijuana sales, would be found at the Taz Hyde property. Even assuming that the affidavit contains enough information to support the confidential informant’s veracity and reliability for providing drug-related information — a point on which the majority and I disagree — the majority opinion dodges the difficult question of how the issuing magistrate could independently determine that the confidential informant is tied to the marijuana community to be able to make a *315 reliable statement regarding Thomas’s reputation or that the information the confidential informant provided constituted specific evidence of a grow operation rather than just vague, isolated sales.
Although significant corroboration could bolster the confidential informant’s tip, I cannot agree that “the police corroborated significant parts of the informant’s story,” Majority Op. at 307, especially given the rather simple nature of the tip — the direct observation of three discrete sales outside the home, without more (including timing, frequency, quantity, or type), and the bald assertion that Thomas had a reputation as a grower. The affidavit gives no indication of how the confidential informant came to know of Thomas as a grower rather than just a seller — Agent Hardcastle’s knowledge of the confidential informant’s connections in the Nashville marijuana community was not provided in the affidavit.[1] Aside from the vague electrical-usage records, the majority opinion relies on very weak corroboration-the mere fact that Thomas lived at the address the informant provided does not indicate that any sales had occurred there or that any other activities had happened there that bolstered the tip. See United States v. Higgins, 557 F.3d 381, 390 (6th Cir.) (“[N]or did the police corroborate any of the informant’s statements beyond the innocent fact that Higgins lived at the stated location and the irrelevant (to the determination of whether Higgins’s house contained evidence of a present-day crime) fact that Higgins had a criminal record.”), cert. denied, — U.S. -, 130 S.Ct. 817, — L.Ed.2d - (2009). Thus, the only remaining piece of corroboration for the tip is the electrical-usage records, which this court has held cannot form the sole basis of probable cause. See United States v. Zimmer, 14 F.3d 286, 287-89 (6th Cir.1994) (holding that “the thermal imager, the electric bills, the unrelated officer’s visit [to the house at which time he smelled marijuana], etc. were enough to establish probable cause” even without the questionable confidential informant’s statements); United States v. Thomas, Nos. 92-6207, 92-6208, 1993 WL 337553, at *5 (6th Cir. Aug.31, 1993) (unpublished opinion) (looking to the “unusual” pattern of high and steady electrical usage with little seasonal variation, the highly specific and largely corroborated informant tips that a grow operation was present, and “evidence of activity consistent with a marijuana growing operation, including the purchase of the growing supplies and the ventilator rotating in calm air”), cert. denied, 511 U.S. 1004, 114 S.Ct. 1370, 128 L.Ed.2d 47 (1994). The confidential informant’s simple tip here combined with only the electrical-usage rec *316 ords does not compare with what this court has previously required, and I disagree with the majority’s assertion that reliance on the electrical-usage records as the “[m]ore important ]” piece of corroboration, Majority Op. at 308, compensates for what is otherwise weak evidence tying a marijuana grow operation to Thomas’s residence.
Indeed, without more to tie Thomas’s residence to a marijuana grow operation, the staleness analysis is flawed — although the majority opinion notes that evidence of a grow operation is not subject to becoming stale based on the nature of the crime, Majority Op. at 309-10, it does not wrestle with the problem that the confidential informant did not actually provide information about a grow other than the reputation statement. The staleness analysis is based entirely on the electrical-usage records, but the sole information that the electrical-usage records could “refresh” would be the reputation statement, which was the singular statement that could actually tie Thomas to a growing operation rather than merely a sale. Of the two electrical-usage cases on which the majority opinion relies for its staleness analysis, neither Zimmer nor Thomas rely on electrical usage to refresh otherwise stale information rather than merely to corroborate. Even assuming the electrical-usage records refreshed the reputation statement, under the staleness cases on which the majority opinion relies the reputation statement here is not sufficient to support probable cause. See United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991) (“When the evidence sought is of an ongoing criminal business of a necessarily long-term nature, such as marijuana growing, rather than that of a completed act, greater lapses of time are permitted if the evidence in the affidavit shows the probable existence of the activity at an earlier time.” (emphasis added)). In Greany, a named informant provided information, included in the affidavit, that he personally had been involved in setting up a grow operation at the defendant’s home one and one-half to two years earlier, and the informant had just been found to have grow equipment in his own home that had not been used for three years. Id. at 524-25. In Thomas, an unpublished opinion, this court relied on a similarly highly specific, largely corroborated tip about a marijuana grow operation. Thomas, 1993 WL 337553, at *5. I cannot agree that five months of electrical-usage records can sufficiently refresh and corroborate a vague, eight-month-old tip.
Therefore, I conclude that the evidence presented in the affidavit when viewed together and in its totality is insufficient to support a reasonable belief that probable cause existed and that the affidavit is invalid on its face because the readily apparent holes in the information provided cannot provide a totality of facts that support probable cause.[2] See United States v. *317 Hammond, 351 F.3d 765, 771-72 (6th Cir.2003) (holding that informant’s five-month-old tip that “dope” was actually present on defendant’s property was not stale because “the crime of drug trafficking is ongoing, the defendant’s location is established, the drugs were likely to be there for an indefinite period of time, and the place to be searched constituted a secure operational base,” but that the informant’s tip “was vague, not obviously reliable, and entirely unsupported by any independent investigation on the part of the police,” making it insufficient to establish probable cause on its own); United States v. Miller, 314 F.3d 265, 271 (6th Cir.2002) (Moore, J., concurring) (noting that affidavit with named informant who personally observed marijuana grow operation within twenty-four hours of warrant issuance and who drove by residence with officer after providing tip presented under precedent “a close case” where police corroborated only wholly innocent facts), cert. denied, 539 U.S. 908, 123 S.Ct. 2261, 156 L.Ed.2d 121 (2003); United States v. Ferguson, 252 Fed.Appx. 714, 720-21 & n. 4 (6th Cir.2007) (unpublished opinion) (upholding, under precedent, probable cause determination with general informant tip corroborated by innocent facts based in part on “significant level of prior and accurate assistance in the past”).
II. THE LEON GOOD-FAITH EXCEPTION DOES NOT APPLY
I write separately in dissent from Part II of the majority opinion because I believe that either the third or fourth Leon circumstance may negate the good-faith exception. Based on my conclusion that the affidavit was insufficient to support probable cause on its face, I cannot agree with the majority’s statement that “we also cannot say that a reasonable officer could not have presumed the affidavit and warrant to be valid.” Majority Op. at 311. I acknowledge that “ ‘it is entirely possible that an affidavit could be insufficient for probable cause but sufficient for good-faith reliance,’ ” because it is more difficult to show that an affidavit presented a “substantial basis” for finding probable cause rather than to establish that an officer’s reliance on the affidavit was “objectively reasonable.” United States v. Hython, 443 F.3d 480, 484 (6th Cir.2006) (quoting Unit *318 ed States v. Washington, 380 F.3d 236, 241 (6th Cir.2004)).
But even viewed in light of “all of the circumstances,” the fatal flaws in the affidavit — the vague, insufficiently refreshed, and largely uncorroborated reputation and sales statements coupled only with mildly inculpatory electrical-usage records — lead me to conclude that, looking at the whole of the affidavit and the totality of the evidence presented, “a reasonably well trained officer would have known that the search was illegal despite the magistrate’s authorization.” United States v. Leon, 468 U.S. 897, 922 n. 23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); see United States v. Weaver, 99 F.3d 1372, 1380-81 (6th Cir.1996) (listing reasons why officer could not rely on warrant affidavit related to alleged marijuana grow without any meaningful corroboration efforts, including that “[w]ith little firsthand information and no personal observations, [the officer] should have realized that he needed to do more independent investigative work to show a fair probability that this suspect was either possessing, distributing, or growing marijuana”). Only by engaging in very heavy inferences can the majority opinion support its conclusion that “the affidavit contains enough” to provide probable cause, Majority Op. at 308, — a conclusion I cannot join, and one that I think cautions mightily against finding that the good-faith exception applies to this affidavit. See Hython, 443 F.3d at 489 (“The probable cause inquiry necessarily involves inferences — between a confidential informant’s past and future reliability, between an observed pattern of behavior and a suspected crime, or between the nature of a crime and the location of its evidence, for example____But in each case, the inference is drawn between facts that are contained in the affidavit or warrant application, and not on assumptions about standard police practices or unasserted but hypothetically possible facts.”). The affidavit in this case did not present sufficiently compelling facts to infer the nexus between Thomas’s residence and the evidence of a grow operation that the officers sought to seize. See Higgins, 557 F.3d at 391; United States v. Williams, 544 F.3d 683, 686-88 & n. 1 (6th Cir.2008) (holding inference of nexus between evidence sought and suspected criminal’s residence was available under “the particular facts” in affidavit demonstrating defendant’s “continuing and related” criminal activity); United States v. Hang LeThy Tran, 433 F.3d 472, 482 (6th Cir.2006) (“In this circuit, the failure to establish an adequate nexus between the residence and any criminal activity within the four corners of the affidavit is not necessarily fatal, provided that the information is actually presented to the magistrate through sworn oral testimony.” (emphasis added)); United States v. Newton, 389 F.3d 631, 641-42 (6th Cir.2004) (Moore, J., concurring in part) (detailing prior cases that each “included some additional ‘plus’ that helped form a nexus between the place to be searched and the evidence sought”), vacated in part on other grounds, 546 U.S. 803, 126 S.Ct. 280, 163 L.Ed.2d 35 (2005); United States v. Carpenter, 360 F.3d 591, 596 (6th Cir.2004) (en banc) (“We have previously found Leon applicable in cases where we determined that the affidavit contained a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer’s good-faith belief in the warrant’s validity, even if the information provided was not enough to establish probable cause,” because “these facts [of physical proximity between the drugs and the residence] ... were not so vague as to be conclusory or meaningless.”).
I also disagree with the majority’s reliance on “the district court’s explanation that the officers ‘presented a neutral judi *319 cial officer with an affidavit stating that he was aware of information indicating the presence of a marijuana growing operation at a specific location based on the report of a reliable Informant that was corroborated by electric usage records and other details about the Defendant.’ ” Majority Op. at 311 (quoting R.35 at 20 (Dist.Ct.Op.)) (emphasis added). Reading the district court’s statement in the context of the entire opinion, I can only speculate as to what “other details” the court meant to reference — the three prior sales that the confidential informant had witnessed from some unknown vantage point on Thomas’s property, see R. 35 at 17, or the reputation statement. It defies logic to conclude that the sole information the confidential informant provided that directly implicated Thomas as a grower (the “report” in the form of the reputation statement, see R. 18, Ex. 1 at ¶¶ 1-2) could corroborate itself, and, as I stated above, the sales could not corroborate the alleged presence of a grow operation.
For these reasons, I conclude that the totality of the evidence presented in the warrant affidavit here was so lacking in indicia of probable cause to make the officers’ reliance objectively unreasonable. The search cannot be justified on the basis of Leon.
III. CONCLUSION
For these reasons, I respectfully dissent from Parts I and II of the majority opinion, and I would REVERSE the district court’s denial of Thomas’s motion to suppress and REMAND for further proceedings consistent with my opinion. Notwithstanding that belief, I concur in Part III.

. Although I join the majority opinion’s statement of the facts, I think that the majority provides a misleading summary of Agent Hardcastle's suppression hearing testimony. Agent Hardcastle’s testimony does indicate that he believed that “the confidential informant maintained his connections with the marijuana community," Majority Op. at 306, but the confidential informant had been arrested eight months prior to the time that this affidavit was written, and Agent Hardcastle further testified that "when the C[I] was arrested, apparently the word got out and he was extricated from the marijuana cultivation community,” R.31 at 44. Agent Hardcastle testified that the confidential informant was "fully steeped” in the marijuana community “at the time” the informant observed the sales eight months prior to the affidavit's date, but that the information related to a grow operation “was [the informant's] opinion and he had learned [that] from a second party on the property.” Id. at 45. Agent Hardcastle testified that he believed the information was still reliable because the informant "was still friends with these other marijuana producers. They wouldn't deal with him as far as the capacity of selling, dealing, trading, but he would still talk to them.... I had him seek out these people and find out about Mr. Thomas.” Id. at 46.

. I follow this court’s requirement that we conduct our review based on a totality of the circumstances, guided by our precedents. Because of the deficiencies in the whole of the affidavit, I conclude that a review of the totality of the circumstances does not provide "a substantial basis for determining the existence of probable cause.” Illinois v. Gates, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The confidential informant’s tip is neither specific nor two-pronged, as the majority opinion attempts to show. Majority Op. at 307-08. The "reputation ... as being a successful producer of just not leaf marijuana, but the more sought after ’bud’ of the plant” is the only "provided information regarding illegal indoor marijuana grow operation.” R.18, Ex. 1. Labeling the reputation statement as "specific” does not address the point made above that the affidavit does not contain sufficient corroboration of this simple lip to provide probable cause based on the tip, even accepting that the confidential informant here was sufficiently reliable. United States v. Al *317 len, 211 F.3d 970 (6th Cir.2000) (en banc), did not remove this court’s requirement to review, as part of the totality of the circumstances, whether the confidential informant’s tip itself contains sufficient information to negate the need for independent corroboration. See id. at 976 (“We hold that where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a neutral and detached magistrate may believe that evidence of a crime will be found.” (first emphasis added)). Contrary to the simplified inquiry the majority outlines, Majority Op. at 307-08, we cannot omit a review of whether the tip on its own is sufficient based on its content. Just a reliable informant is not enough if the content of the tip provided does not support a finding of probable cause. See United States v. McCraven, 401 F.3d 693, 697-98 (6th Cir.) (concluding that sufficiency of specific tip that a reliable confidential informant had been inside the defendant’s house "within the past five days” and personally "observed the [defendant] storing and selling cocaine and marijuana inside the residence” presented "a close question” that the court "need not resolve” based on Leon), cert. denied, 546 U.S. 1010, 126 S.Ct. 639, 163 L.Ed.2d 517 (2005); Hammond, 351 F.3d at 771-72 (finding three-fold error in a vague tip, from a "not obviously reliable” informant, that was "entirely unsupported by any independent investigation”). Nowhere in Hammond did we state that the confidential informant’s vague, unsupported tip could have been sufficient if only the confidential informant had been more reliable.