**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0817n.06

No. 11-5856

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,   )
             )
  Plaintiff-Appellee,    )
             )  ON APPEAL FROM THE
v.            )  UNITED STATES DISTRICT
             )  COURT FOR THE  MIDDLE
CHARLES MOORE, JR.,    )  DISTRICT OF TENNESSEE
             )
  Defendant-Appellant.   )
             )

FILED
**Jul 30, 2012**
LEONARD GREEN, Clerk

BEFORE:  BOGGS and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM.  Charles Moore Jr., a federal prisoner, appeals his conviction on charges of being a felon in possession of firearms and possessing with intent to distribute cocaine and marijuana.  Moore entered a guilty plea to the charges and was sentenced to 120 months of imprisonment.  He reserved the right to challenge the district court's denial of his motion to suppress the evidence against him.

Police arrested a suspect in connection with a series of burglaries.  The suspect admitted the burglaries and told police that one of the items taken was a class ring, which he traded to Moore for some crack cocaine at Moore's home.  After identifying Moore from a picture, the suspect told police where Moore lived, and with whom.  Based on this information, which they had verified, the police obtained a warrant to search Moore's home for the stolen class ring.  They arranged to arrive

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

at Moore's home when he returned from work, and met him in the front yard. The officer in charge told Moore about the search warrant. Moore alleges that he immediately offered the class ring, which he was wearing on his finger, to the officer, but that the police nevertheless searched his home, finding numerous weapons and drugs. The officer in charge related that Moore did not offer up the ring until after the other contraband had been found, and that he did not notice the ring earlier because Moore had turned the stone so that it faced his palm. After Moore had been arrested and taken to the police station, an informant called the police and said that they had missed some drugs and money which were hidden in the home. The officer in charge questioned Moore about this, and he admitted that some drugs and money might have been missed. A second warrant was then obtained, and the second search led to the discovery of more drugs and money in a floor safe.

Following Moore's motion to suppress, the district court heard argument on Moore's claim that the affidavit supporting the original search warrant did not establish probable cause, and it rejected that argument. Testimony was then given on the issue of whether the search was reasonable, including whether the police recovered the ring before the other contraband and whether it was reasonable for the police not to have discovered the ring on Moore's finger before entering his home. The parties also filed additional briefs on this issue. The district court rejected Moore's arguments on this issue as well, and his challenge to the second search warrant, and denied the motion to suppress.

Although he raised additional issues below, Moore has narrowed his arguments to whether the first search warrant was supported by probable cause and whether the police conducted the search in a reasonable manner. On appeal from the denial of a motion to suppress evidence, we review the

district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Haynes*, 301 F.3d 669, 676 (6th Cir. 2002).

Whether probable cause supported the search warrant is a legal issue. Moore argues that the search warrant is not supported by probable cause because the affidavit in support did not include the informant's full criminal history. However, the affidavit did reveal that the informant was admitting a series of burglaries and that he was using the stolen items to obtain crack cocaine. An affidavit's description of an informant's criminal activity need not include all of his known crimes. *United States v. Fowler*, 535 F.3d 408, 416 (6th Cir. 2008). This argument is without merit.

Moore also argues that the affidavit was insufficient because it did not contain any statement that the informant had previously provided reliable information, citing *United States v. Higgins*, 557 F.3d 381, 389-90 (6th Cir. 2009). However, we have held that probable cause exists where the informant is named and relates seeing the defendant committing a crime inside the residence. *United States v. Miller*, 314 F.3d 265, 270 (6th Cir. 2002). In a case similar to this one, we found probable cause where a known informant related trading guns for drugs with the defendant. *United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004). Even if the warrant were not supported by probable cause, we have also found that reasonable officers would believe they had authority to search based on a named informant reporting a crime inside a residence. *United States v. McCraven*, 401 F.3d 693, 698 (6th Cir. 2005). We give great deference to the district court's decision to deny the motion to suppress on this ground; as it does not appear to have been arbitrary, it must be affirmed. *Higgins*, 557 F.3d at 389.

Moore's remaining challenge concerns the district court's factual findings regarding the reasonableness of the search. The district court credited the police officer's testimony that the stolen

class ring was not recovered until after the discovery of the other contraband. The district court also

believed the officer's explanation that he did not think to look for the ring on Moore's hand, because

it was someone else's class ring that might not have fit Moore. No clear error is apparent in these

findings of fact.

For all of the above reasons, the denial of the motion to suppress evidence is affirmed.