NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0652n.06

Case No. 16-6739

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Nov 22, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ARTHUR ALFORD, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GILMAN, SUTTON, and STRANCH, Circuit Judges.

SUTTON, Circuit Judge. Police executed a warrant to search Arthur Alford's house based on an informant's statement that he had purchased synthetic marijuana from someone named "Snoop" at something called the "A frame house apartment located on 209." Police knew that Alford went by the alias "Snoop" and corroborated that Alford lived on Highway 209 in an A-frame house. After police found drugs and a loaded firearm at his home, Alford was indicted and pleaded guilty to unlawful possession of a firearm. Because the information provided by the named informant established a fair probability that police would find synthetic marijuana at Alford's home, we affirm the district court's judgment that probable cause supported the search warrant as well as its other rulings challenged on appeal.

On July 16, 2015, Drug Task Force Agent Gregg Land submitted an affidavit to a magistrate judge seeking a warrant to search Arthur Alford's residence. In the affidavit, Agent

Land said that he had probable cause to believe Alford was producing or distributing synthetic marijuana and possessed drug paraphernalia.

Agent Land supported his probable cause assessment with statements from Brandon Gwaltney. Earlier that day, Officer Stephen Kirkpatrick had arrested Gwaltney for possessing synthetic marijuana. Gwaltney signed a waiver of rights and told Agent Land and Officer Kirkpatrick that he had just purchased the marijuana for $50 from an individual named "Snoop" at the "A frame house apartment located on 209." R. 33-2 at 2. Officer Kirkpatrick knew that Alford went by the street name "Snoop" and Agent Land verified that Alford's address was listed as 1866 Highway 209, North Ripley, Tennessee in the Tennessee Criminal Justice Portal. He personally knew this address "to be an A frame structure apartment." *Id.* Agent Land had received complaints about the sale of marijuana from that address in the past and had ordered surveillance of the residence before. Based on the affidavit, a judge issued a search warrant.

When officers executed the warrant, they found 145 grams of synthetic marijuana and a loaded 9mm handgun. The government charged Alford with being a felon in unlawful possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Alford moved to suppress the firearm, arguing that the affidavit failed to establish probable cause. The court denied his motion, and Alford pleaded guilty.

In October 2016, Officer Kirkpatrick was arrested and indicted for possessing cocaine, methamphetamine, and marijuana. These charges have since been disposed of by several guilty pleas. In response to this development, Alford filed a motion to reconsider his motion to suppress, arguing that he was entitled to an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to ferret out potential misconduct. The court heard testimony from Agent

Land regarding the charges against Officer Kirkpatrick before denying Alford's motion to reconsider.

Because Alford had three qualifying felony convictions under the Armed Career Criminal Act, he faced a mandatory minimum sentence of 15 years in prison. *See* 18 U.S.C. § 924(e)(1). Although the sentencing guidelines recommended a range of 188 months to 235 months in prison, the court sentenced Alford to the statutory minimum of 180 months.

Alford appeals three of the district court's decisions: its rejection of his suppression motion; its refusal to conduct a *Franks* hearing; and its refusal to impose a lower sentence.

*Suppression motion.* Probable cause to execute a search exists if there "is a fair probability that contraband or evidence of a crime will be found in a particular place." *Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017). We review whether probable cause exists in a common-sense manner in view of the totality of the circumstances and with deference to the magistrate judge's determination. *See Illinois v. Gates*, 462 U.S. 213, 235–37 (1983).

Probable cause exists, we have held, when a witness personally observes contraband in a specific location and is willing to be named in an affidavit. *See United States v. Miller*, 314 F.3d 265, 270 (6th Cir. 2002); *United States v. Pelham*, 801 F.2d 875, 878 (6th Cir. 1986). In *Pelham* and *Miller*, officers relied on informants who said they had seen marijuana-growing operations inside the defendants' homes within the past twenty-four hours. *Id.* So also here. Gwaltney told police he had just purchased synthetic marijuana from Alford at his home. This case, indeed, is even easier. Unlike *Miller* and *Pelham*, Agent Land had also received complaints about marijuana sales at Alford's home before and had previously ordered surveillance of the home to boot.

Measured by these requirements and this caselaw, Alford's probable cause claim meets an abrupt end. What was true in *Miller* and *Pelham* is at least as true here.

Sure, Gwaltney spoke indirectly, referring to Alford by his alias "Snoop" and his home as "the A frame house apartment located on 209." R. 33-2 at 2. But Officer Kirkpatrick knew that Alford went by "Snoop," and Agent Land independently corroborated that Alford lived in an A-frame home on Highway 209—the same house that Agent Land had received complaints about and on which he had ordered surveillance. This was sufficient to establish a fair probability that contraband would be found at Alford's home.

*United States v. Weaver*, 99 F.3d 1372 (6th Cir. 1996), offers no aid to Alford. In that case, a statement from a confidential informant that he had seen marijuana being held on the premises for distribution three days prior was insufficient to establish probable clause. *Id.* at 1377–80. But here, Agent Land relied on a *named* informant. Tips from named informants are inherently more reliable than those from confidential informants because named informants face a greater risk of criminal liability for fabrications. *United States v. May*, 399 F.3d 817, 823 (6th Cir. 2005). And because we consider the reliability of the informant and the particularity of the facts the informant provides on a sliding scale, we generally require less corroboration for named informants. *See United States v. Williams*, 544 F.3d 683, 690 (6th Cir. 2008). *Miller* and *Pelham*, not *Weaver*, govern this case.

But even if we were inclined to apply *Weaver*, it would not help Alford. Gwaltney told Officer Kirkpatrick he had *just* purchased marijuana from Alford, whereas the informant in *Weaver* had seen the drugs three days before. *See Weaver*, 99 F.3d at 1378. That difference made it far more likely that police would find marijuana at Alford's home than they would have at Weaver's house.

*Franks hearing.* Alford adds that he is entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to determine if Agent Land engaged in misconduct to obtain the search warrant. To merit a *Franks* hearing, a defendant must make a substantial preliminary showing that (i) the affiant knowingly or recklessly included a false statement in the search warrant affidavit and (ii) the allegedly false statement was necessary to the probable cause finding. *United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013).

Alford does not point to an allegedly false statement in the affidavit. The most he can say is that it omitted information about Officer Kirkpatrick. But *Franks* is generally inapplicable to such omissions, except where the affiant excluded critical information intentionally to mislead the magistrate judge. *See Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998).

What at any rate does Alford think the affidavit omitted? He cannot argue that the affidavit should have included information about Officer Kirkpatrick's arrest, because that didn't happen until over a year later. Alford must believe that Agent Land intentionally omitted information about Officer Kirkpatrick's drug habits or criminal propensity. But Alford has presented no evidence of that or even that Agent Land had any reason to know of Kirkpatrick's drug habits. All the record indicates is that Agent Land has known Officer Kirkpatrick since he was a kid but that he "didn't personally hang out with him or have dinner with him." R. 84 at 26. That is a far cry from a showing of knowing deception or reckless disregard for the truth.

*Sentence.* Alford argues that his 180-month prison sentence was substantively unreasonable and a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. But his sentence was below the range suggested by the sentencing guidelines: 188 to 235 months. And because his sentence was the minimum amount allowed by the relevant statute in light of his three serious drug felonies, 18 U.S.C. § 924(e), any claim of substantive

5

unreasonableness has no purchase. *See United States v. Higgins*, 557 F.3d 381, 398 (6th Cir. 2009).

This statute also has withstood Eighth Amendment challenges in every circuit to consider the question, including this one. *See, e.g.*, *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000); *United States v. Cardoza*, 129 F.3d 6, 18 (1st Cir. 1997); *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995); *United States v. Warren*, 973 F.2d 1304, 1311 (6th Cir. 1992); *United States v. Mitchell*, 932 F.2d 1027, 1028 (2d Cir. 1991); *United States v. Hayes*, 919 F.2d 1262, 1266 (7th Cir. 1990); *United States v. Baker*, 850 F.2d 1365, 1372 (9th Cir. 1988). The Supreme Court likewise has recognized that Congress need not give the courts any sentencing discretion when defining criminal punishments and that mandatory prison sentences do not constitute cruel and unusual punishment. *See Chapman v. United States*, 500 U.S. 453, 467 (1991); *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991).

No amount of prison time, it is true, is *per se* constitutional. *See Solem v. Helm*, 463 U.S. 277, 278 (1983). But the Eighth Amendment "forbids only extreme sentences grossly disproportionate to the crime." *Harmelin*, 501 U.S. at 1001 (Kennedy, J. concurring in part and concurring in the judgment) (quoting *Solem*, 463 U.S. at 288); *see also Graham v. Florida*, 560 U.S. 48, 59 (2010) (treating Justice Kennedy's *Harmelin* concurrence as the "controlling opinion" on this issue). A 180-month prison sentence for unlawful possession of a firearm accompanied by repeated prior cocaine-distribution convictions does not meet that stringent requirement.

For these reasons, we affirm.