UNITED STATES of America, Plaintiff-Appellee,

v.

James PELHAM, Defendant-Appellant.

No. 85–6065.

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1986.

Decided Sept. 29, 1986.

Leslie I. Ballin (argued), Memphis, Tenn., for defendant-appellant.

W. Hickman Ewing, Jr., U.S. Atty., Memphis, Tenn., Timothy R. DiScenza (argued), for plaintiff-appellee.

Before KEITH, KRUPANSKY, and BOGGS, Circuit Judges.

BOGGS, Circuit Judge.

Defendant, James Pelham, was charged in a two-count federal indictment with possession of approximately 30 pounds of marijuana, with intent to distribute. Pelham pled not guilty at his arraignment, and later moved to suppress evidence found in his home. The district court referred the matter to a magistrate who recommended granting Pelham's suppression motion. However, the district court subsequently denied the motion and permitted the government to present the evidence. Pelham reserved his right to appeal from the district court's denial, changed his plea to guilty, was convicted, and was sentenced to 18 months in prison. He now appeals from the district court's denial of his motion to suppress. For the reasons set forth below, we affirm the order of the district court.

### I.

On January 8, 1985, at approximately 4:00 p.m., officers of the Metro Narcotics Unit of the Shelby County Sheriff''s Department arrested Payton Brown in Memphis, Tennessee, after finding six pounds of marijuana in a truck driven by Brown. When one of the arresting officers, C.R. Swain, asked Brown where he had obtained the marijuana, Brown responded that he had obtained it from the defendant, James Pelham, at 1992 Court Avenue, in Memphis. (Jt.App. 10). The officers handcuffed Brown, put him into the police car, and drove past 1992 Court Street, which Brown visually identified as the place from which he had obtained the marijuana. *Ibid.*

The officers then drove to the police station, where Officer Swain drafted an affidavit in support of a search warrant for 1992 Court Avenue. The affidavit described the premises to be searched, set forth the belief that Pelham was in possession of marijuana on the premises, and stated Swain's "reasons for such belief" as follows:

On January 8, 1985 the affiant [Swain] talked to Payton Brown who stated to the affiant that within the past twenty-four (24) hours he had been inside the above described residence of Jim Pelham and had seen Jim Pelham storing & selling Marijuana inside the aforementioned residence, the same being located in Memphis, Shelby County, Tennessee.

(Jt.App. iii). Swain had never drafted a warrant affidavit based upon the statements of a named individual and he therefore consulted with two, more experienced, officers. The other officers agreed that naming Brown in the affidavit as the source of the information would show sufficient reliability and probable cause on which to base the search warrant.

Swain then took the affidavit to an issuing magistrate, Judge Hackett of the civil division of the Tennessee General Sessions Court, and requested a search warrant. It also appears from the record that Officer Swain orally related to Judge Hackett additional information not contained in the affidavit, particularly that Brown had been arrested and that Brown had visually identified Pelham's house to Swain. (Jt.App. 29–30). Judge Hackett issued the search warrant, which was executed soon thereafter. The search uncovered approximately thirty pounds of marijuana in Pelham's house. Pelham was charged by a federal grand jury in a two-count indictment with possession of marijuana, with intent to distribute. 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2.[1] (Jt.App. 5).

---

1. Section 841(a)(1), 21 U.S.C., makes it unlawful "for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dis- pense, a controlled substance...." Section 812, Schedule I(c)(10), 21 U.S.C., lists "marihuana" as a "controlled substance." Section 2, 18

Following a suppression hearing, Magistrate Aaron Brown recommended granting Pelham's motion to suppress, concluding that the affidavit lacked probable cause and that Officer Swain's actions did not satisfy the good-faith exception rule of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 702 (1984). The district court judge agreed with Magistrate Brown that the affidavit did not show probable cause, but upheld the warrant, finding that Swain had acted in the good-faith belief that the warrant was valid. After changing his plea to guilty and reserving his right to appeal from the court's denial of his suppression motion, Pelham was convicted on Count I of the indictment.[2] Pelham now argues that the district court erred in denying his motion to suppress because the affidavit lacked probable cause and Officer Swain did not act with either objective or subjective good faith. The government contends that the warrant was based on probable cause and that, even if no probable cause existed, Swain's reasonable belief that the warrant was valid is sufficient under *Leon.*

## II.

In *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court rejected the rigid, two-prong probable cause test established in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The *Aguilar-Spinelli* test required that a search warrant affidavit based on an informant's tip contain (1) information regarding the "reliability" or "credibility" of the informant, and (2) information detailing "some of the underlying circumstances from which the informant" obtained the information. *Aguilar,* 378 U.S. at 114, 84 S.Ct. at 1513–14. The *Gates* court explained that while these elements "may usefully illuminate the commonsense,

practical question of whether there is 'probable cause' to believe that contraband or evidence is located in a particular place," they should not be "rigidly exacted in every case...." *Gates,* 462 U.S. at 230, 103 S.Ct. at 2328. Instead, the Court adopted a "totality-of-the-circumstances approach" to determine the existence of probable cause, noting that probable cause is a "practical, nontechnical conception" that deals with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Id.* at 230–31, 103 S.Ct. at 2328, 29 (quoting *Brinegar v. United States,* 338 U.S. 160, 175, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949)). The Supreme Court has also recognized that affidavits "are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area." *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745–46, 13 L.Ed.2d 684 (1965), *quoted in Gates,* 462 U.S. at 235, 103 S.Ct. at 2330–31.

Furthermore, an issuing magistrate's probable cause determination "should be paid great deference by the reviewing courts," *Spinelli,* 393 U.S. at 419, 89 S.Ct. at 591–92, and "should not be set aside unless arbitrarily exercised." *United States v. Swihart,* 554 F.2d 264, 270 (6th Cir.1977). The courts should not undertake a *de novo* review of the sufficiency of an affidavit, *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331 nor should they "invalidate [a] warrant by interpreting [an] affidavit in a hypertechnical, rather than a commonsense, manner." *Ventresca,* 380 U.S. at 109, 85 S.Ct. at 746. Reflecting a preference for the search warrant process over warrantless searches, "the traditional standard for review of an issuing magistrate's probable-cause determination has been that so long as the magistrate had a 'substantial basis

U.S.C., is the general "aiding and abetting" statute.

**2.** Count I charged that Pelham "willfully, knowingly and intentionally did possess with the in-

tent to distribute approximately thirty pounds of marijuana...." Count II, which was dismissed, additionally charged Pelham with actual distribution. (Jt.App. 5–6).

for ... conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331 (quoting *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960) ). *See Ventresca,* 380 U.S. at 102, 85 S.Ct. at 74243; *Swihart,* 554 F.2d at 270.

### III.

The issue in the present case, then, is whether the "totality of the circumstances" supported the issuing magistrate's finding that there existed a "substantial basis" to conclude "that a search would uncover evidence of wrongdoing...." *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331. The issuing magistrate in this case, Judge Hackett, had before him the affidavit from Officer Swain, which described Pelham's property, set forth Swain's belief that marijuana was on the premises, and offered Swain's reasons for that belief. He also had Swain's additional, oral, statements concerning the circumstances surrounding Payton Brown's arrest and Brown's earlier statements to Swain regarding the source of the marijuana.

We first address the question of whether the affidavit was adequate on its face to create a "substantial basis" for concluding "that a search would uncover evidence of wrongdoing." As defense counsel argues, the information contained in the affidavit could have been more detailed. However, we reiterate that affidavits are "normally drafted by nonlawyers in the midst and haste of a criminal investigation" and must therefore be interpreted in a "common-sense," rather than a "hypertechnical," manner. *Ventresca,* 380 U.S. at 108, 109, 85 S.Ct. at 746. Interpreting Swain's affidavit in a commonsense manner, we hold that Judge Hackett had a substantial basis for concluding that a search would uncover evidence of wrongdoing.

The affidavit, which was based on the statements of a named informant, stated that "within the past twenty-four (24) hours [Brown] had been inside the ... residence of Jim Pelham and had seen Jim Pelham storing & selling Marijuana...." (Jt.App. iii). In a practical sense, there could hardly be more substantial evidence of the existence of the material sought and its relevance to a crime than Brown's direct viewing of marijuana in Pelham's house. When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the "totality of the circumstances" presents a "substantial basis" for conducting a search for that evidence. In essence, Swain's affidavit exhibited on its face "the probability ... of criminal activity." *See Spinelli,* 393 U.S. at 419, 89 S.Ct. at 590, 591, *quoted in Gates,* 462 U.S. at 235,[3] 103 S.Ct. at 2330–2331.

We hold that the information contained in the affidavit, which was based on the statements of a named informant, gave the issuing magistrate a substantial basis for concluding that a search would uncover evidence of wrongdoing. Therefore, Judge Hackett had probable cause for issuing the search warrant, and the district court correctly denied Pelham's suppression motion. Accordingly, the order of the district court, denying Pelham's motion to suppress evidence found as a result of a properly executed search warrant, is AFFIRMED.

---

**3.** Because we hold that Swain's affidavit was adequate on its face, we do not reach the question of whether the "totality of the circumstances" approach set forth in *Gates* could have been satisfied by combining an *inadequate* affidavit with Swain's additional, oral, statements to Judge Hackett.