835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Morris CURRY, Ramona Marshall, Defendant-Appellant.
 No. 87-1313.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1987.
 
 Before MERRITT, KRUPANSKY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants Samuel Curry and Ramona Marshall have pleaded guilty to possession of a controlled substance and are, pursuant to the terms of their plea agreement, appealing the validity of the search warrant issued against Marshall's apartment on November 24, 1985.
 
 
 2
 The instant dispute centers on interpretation of the affidavit issued in support of the warrant by Drug Enforcement Agency agent Kenneth Johnston to Magistrate Lynn V. Hooe, Jr. The affidavit alleged, in pertinent part, that informant had been "inside the above-described premises and observed a large quantity of a white powdery substance located in the kitchen of the residence." Appellants contended that since three addresses were mentioned in the affidavit, it was impossible to ascertain which particular premises were "above-described" or "the residence."
 
 
 3
 Upon inspection of the text of the affidavit and the totality of the record, this court finds that the warrant was not so ambiguous as to impinge upon constitutional standards. "Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area." United States v. Pelham, 801 F.2d 875, 877 (6th Cir.1986), cert. denied, 107 S.Ct. 1305 (1987). Furthermore, an issuing magistrate's probable cause determination should "be paid great deference by the reviewing courts ... and should not be set aside unless arbitrarily exercised." Id. at 877.
 
 
 4
 In the case at bar it is clear that even though three addresses were mentioned, only Marshall's residence was "described" in the remainder of the affidavit. Moreover, the other two addresses could not be considered "the residence" of Marshall or Curry since both were living in Marshall's apartment during the relevant time period. Accordingly, the affidavit was sufficiently precise to provide probable cause for the issuance of the warrant.
 
 
 5
 Alternatively, the arresting officer's good faith reliance on the affidavit defeats any argument that suppression of the evidence is in order. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); United States v. Savoca, 761 F.2d 292 (6th Cir.), cert. denied, 474 U.S. 852 (1985). Even if no probable cause existed, appellants did not show that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923. Accordingly, good faith reliance provides an alternative basis for this court's holding. The district court's decision is AFFIRMED.