842 F.2d 332
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. LANDERS, Plaintiff-Appellant,
v.
JEFFERSON COUNTY, KENTUCKY; Kathy Payton; Jefferson County
Police Department, Defendants-Appellees.
 No. 87-6204.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1988.
 
 1
 Before MILBURN and BOGGS, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 This pro se plaintiff appeals two orders of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Plaintiff now moves for the appointment of counsel. Defendants also move for the imposition of sanctions against plaintiff. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1978 plaintiff was arrested and convicted on various state criminal charges, but later obtained his release from custody by means of a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Consequently, he filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court in which he characterized various acts by defendants during the course of the criminal proceedings as violative of his civil rights. The district court, however, concluded that plaintiff's claims were without merit and in two separate orders entered April 7, 1987, and October 23, 1987, directed the dismissal of his cause of action. Plaintiff thereafter filed this appeal.
 
 
 4
 Examination of the order of April 7, 1987, indicates that the district court based its decision to dismiss the complaint as to defendants Cooper and the Commonwealth of Kentucky upon the conclusion that plaintiff had failed to state a claim upon which relief could be granted. A district court may properly take such an action pursuant to Fed.R.Civ.P. 12(b)(6) if it, assuming the truth of all the allegations appearing in the complaint, can conclude that plaintiff could still prove no set of facts which would entitle him to recover. Windsor v. The Tennessean, 719 F.2d 155 (6th Cir.1983); Dunn v. Tennessee, 697 F.2d 121 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 5
 Application of that standard to the present appeal demonstrates that the dismissal of plaintiff's claims against defendant Commonwealth of Kentucky was justified as that party is shielded from liability by operation of sovereign immunity under the eleventh amendment. Welch v. State Dep't of Highways and Public Transp., --- U.S. ----, 107 S.Ct. 2941 (1987). Likewise, as defendant Cooper was named as a party on the basis of acts which he had taken as the prosecutor in plaintiff's criminal trial, he enjoys absolute immunity from liability under 42 U.S.C. Sec. 1983. Imbler v. Pachtman, 424 U.S. 409 (1976).
 
 
 6
 The district court's order of October 23, 1987, which granted summary judgment in favor of the remaining defendants, was also warranted under the circumstances. A district court may properly grant a motion for summary judgment if it, drawing all factual inferences in favor of the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Both those conditions are present in this case.
 
 
 7
 Review of the record indicates that plaintiff's remaining claims are grounded upon his belief that defendant Payton, an employee of Jefferson County, Kentucky, secured his arrest by means of a warrant based upon hearsay and perjured evidence and then repeated that same information when she testified at his trial. Plaintiff, however, can not recover from either defendant on the basis of those facts. First, plaintiff's claim against defendant Jefferson County is grounded solely upon the theory of respondeat superior, an inadequate basis for the imposition of liability under 42 U.S.C. Sec. 1983. Monell v. Department of Social Servs., 436 U.S. 658 (1978); Alioto v. City of Shively, No. 86-6099, slip op. at 4 (6th Cir. Dec. 29, 1987). Moreover, to the extent that it concerns the testimony given by defendant Payton during his trial, plaintiff's claim against that individual must also fail as witnesses in judicial proceedings enjoy absolute immunity in any civil action resulting from their testimony. Briscoe v. Lahue, 460 U.S. 325 (1983); Alioto, slip op. at 3. Finally in regard to his claim that defendant Payton relied upon hearsay or perjured evidence to obtain the warrant that resulted in his arrest, case law clearly establishes that hearsay evidence can be used to support the issuance of a warrant. See United States v. Pelham, 801 F.2d 875 (6th Cir.1986). Plaintiff also has not pleaded any specific facts which would indicate that defendant Payton was aware of or sought the accumulation of the allegedly perjured statement so as to secure his arrest.
 
 
 8
 For the above reasons, the motions for sanctions and appointment of counsel are hereby denied and the district court's judgment dismissing plaintiff's suit is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation