888 F.2d 128
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Roger HENDRICKS; Jerry Wayne Hendricks, Defendants-Appellants.
 Nos. 88-6180 to 88-6182.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants-appellants, Larry Roger Hendricks and Jerry Wayne Hendricks have appealed from the district court's decision denying their motion to suppress evidence obtained from an allegedly deficient search warrant. Both Jerry and Larry Hendricks plead guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and one count of possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The appellants have reserved for appeal, pursuant to Fed.R.Crim.P. 11(a)(2), the issues joined in their motion to suppress.
 
 
 2
 On appeal, the appellants charge that the search warrant executed by the police was invalid because the supporting affidavit was insufficient to establish probable cause. The appellants' argument is without merit. The affidavit of Officer McWright which incorporated information spanning two years of continuous investigations demonstrated an ongoing criminal enterprise of cocaine distribution at 516 McGavock Pike and was sufficient under the "totality of the circumstances" to support a finding of probable cause for issuing the search warrant here in issue. Illinois v. Gates, 462 U.S. 213 (1983); United States v. Pelham, 801 F.2d 875 (6th Cir.1986).
 
 
 3
 Furthermore, appellants' assertion that Officer McWright's affidavit violated the Supreme Court's decision of Franks v. Delaware, 438 U.S. 154 (1978), by allegedly omitting pertinent information is equally without merit because omitted pertinent information would have afforded additional incriminating probable cause facts detrimental to appellants' position.
 
 
 4
 Finally, Appellant Jerry Hendricks has argued that the search of his black corvette was illegal because the search warrant did not describe the corvette with particularity. However, the affidavit of Officer McWright specifically identified the black corvette as having been used by the appellants to transport cocaine from Florida. Moreover, the search warrant permitted a search of all vehicles discovered on the premise of 516 McGavock Pike. See United States v. Percival, 756 F.2d 600 (7th Cir.1985). The record disclosed that, while the police were executing the search warrant, Appellant Jerry Hendricks drove into the driveway of 516 McGavock Piker in the black corvette; consequently, it became a subject of the search.
 
 
 5
 Accordingly, upon review of the appellants' assignments of error, the record in its entirety, the briefs of the parties, the oral arguments of counsel, and the decision of the trial court, this court AFFIRMS the district court's decision for the reasons articulated by the trial judge.
 
 
 
 *
 The Honorable James Harvey, United States Senior District Judge for the Eastern District of Michigan, sitting by designation