952 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Dale MULLINS, Defendant-Appellant.
 No. 91-5316.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1992.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Roger Dale Mullins appeals his convictions for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) & 5871, and possession of firearms in interstate commerce by a convicted felon in violation of 18 U.S.C. app. § 1202(a)(1).
 
 
 2
 On April 11, 1986 Mullins was arrested in front of his home following a report that he was armed, behaving erratically, and had threatened to kill someone. Police immediately conducted a "protective sweep" of his home. A warrant was obtained independently of the sweep to search Mullins's residence for firearms and drugs. Items seized included cocaine residue, drug paraphernalia, firearms, a locked floor safe, and $15,781 in cash. On April 14 a separate warrant authorizing the search of the floor safe was executed. The safe contained 2.07 pounds of cocaine.
 
 
 3
 Mullins offers three arguments to support his deprivation of Fourth Amendment rights claim. First, the protective sweep was an impermissible warrantless entry and search of his home. Second, the April 11 search warrant was not supported by probable cause. Third, the cocaine found in the safe was "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471 (1963).
 
 
 4
 * Since the protective sweep yielded no evidence and was unrelated to either search warrant, we need not weigh its constitutional impact on Mullins.
 
 
 5
 Mullins challenges the probable cause basis of the April 11 search warrant. We review a magistrate's probable cause judgment with considerable deference. United States v. Pelham, 801 F.2d 875, 877 (6th Cir.1986). The Fourth Amendment requires only that an issuing magistrate have a substantial basis for concluding that a search would uncover evidence of wrongdoing. Id. at 877-878 (citations omitted).
 
 
 6
 The affidavit in support of the warrant sought permission to search for "firearms, explosives and/or other contraband and illegal drugs." We are mindful that on April 11 two named informants saw Mullins waving a pistol and threatening to shoot someone, Mullins was not in possession of the pistol when arrested, and explosives were discovered in Mullins's barn when the arrest warrant was served. Under these circumstances, the magistrate had a substantial basis for concluding that the search would uncover evidence of wrongdoing.
 
 
 7
 The remaining feather in Mullins's arrow is that the search of the floor safe was based on evidence from the illegal protective sweep and on the results of the unconstitutional April 11 search. This argument is unpersuasive for obvious reasons. First, the protective sweep was unrelated to either search. Second, the April 11 search warrant satisfied the requirements of the Fourth Amendment. The search of the floor safe was based on probable cause to believe it contained the items identified in the warrant.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.