68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Iven COSSE, Defendant-Appellant.
 No. 95-5408.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1995.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges and POTTER, District Judge*.
 
 ORDER
 
 2
 Keith Iven Cosse challenges the denial of a motion to suppress in this appeal from his one count criminal conviction. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1994, Keith Iven Cosse was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g). Cosse later moved to suppress the evidence against him (two firearms) that had been obtained in a search of his dwelling pursuant to a search warrant. The district court conducted an evidentiary hearing and denied the motion. Cosse thereafter entered a conditional guilty plea to the charge while reserving the right to appeal the order denying the motion to suppress. The district court accepted the plea and sentenced Cosse to a thirty month term of imprisonment. This appeal followed. The parties have briefed the issues and waived oral argument. In addition, Cosse filed a motion to vacate pursuant to 28 U.S.C. Secs. 1651 and 2255.
 
 
 4
 Cosse was convicted of being a felon in possession of a firearm. The firearms were found in Cosse's dwelling pursuant to a search authorized by a warrant. The focus of this appeal is the legal sufficiency of the application for the search warrant and the supporting affidavit.
 
 
 5
 The investigating agent, Agent Chillcott of the Bureau of Alcohol, Tobacco and Firearms, first applied for the warrant in response to information as detailed in the supporting affidavit. The June 1994 affidavit supporting the application for a warrant contains inter alia information gleaned from a named informant, Marion Bledsoe, about Cosse. Agent Chillcott relates that Bledsoe purported to have first-hand knowledge of Cosse brandishing a shotgun on June 19, 1994, and of firearms (two pistols and a shotgun) being stored at Cosse's dwelling in March or April of 1994. Bledsoe supplied Chillcott with detailed renderings of locations, both inside and outside of Cosse's dwelling, where the firearms might typically be stored. Bledsoe is said to have acquired this knowledge from a previous friendship with Cosse beginning in November 1993. Bledsoe also apparently related to Agent Chillcott that Cosse was a convicted felon.
 
 
 6
 The affidavit additionally contains Agent Chillcott's efforts to verify the information related by Bledsoe. Agent Chillcott spoke with a Tennessee law enforcement officer who investigated Bledsoe's report of the June 19 incident. In addition, the officer and a Tennessee court official confirmed Cosse's status as a convicted felon.
 
 
 7
 Counsel for Cosse contends that the warrant was defective in that it did not contain information to establish Bledsoe's credibility and that the actual information in the affidavit was false.
 
 
 8
 When reviewing the denial of a motion to suppress evidence, this court must consider the evidence in the light most favorable to the government. United States v. Williams, 962 F.2d 1218, 1221 (6th Cir.), cert. denied, 113 S. Ct. 264 (1992). The district court's findings of fact are reviewed for clear error and the legal conclusions are reviewed do novo. Id.; United States v. Duncan, 918 F.2d 647, 650 (6th Cir. 1990), cert. denied, 500 U.S. 933 (1991).
 
 
 9
 In determining whether a search warrant is supported by probable cause, the issuing authority must employ a flexible, totality of the circumstances standard. Illinois v. Gates, 462 U.S. 213, 233 (1983). A reviewing court's role is to determine if there is substantial evidence on the record to support the issuance of the warrant. Massachusetts v. Upton, 466 U.S. 727, 728 (1984) (per curiam). That is, the court questions whether the application for the warrant provides a substantial basis from which one may conclude that a search would uncover evidence of wrongdoing. United States v. Leake, 998 F.2d 1359, 1363 (6th Cir. 1993). Resolution of doubtful or marginal cases should be largely determined by the preference to be accorded to warrants. Gates, 462 U.S. at 236-237 and n.10.
 
 
 10
 The supporting affidavit in the present case contained a detailed description of Cosse's illegal possession of firearms by a named witness. When a witness has seen evidence of a crime in a specific location in the immediate past and is willing to be named in an affidavit supporting a search warrant, the "totality of the circumstances" suggests a substantial basis for conducting a search for that evidence. United States v. Pelham, 801 F.2d 875, 878 (6th Cir. 1986), cert. denied, 479 U.S. 1092 (1987).
 
 
 11
 The application for the search warrant in question contains ample material from which to conclude that a search of Cosse's dwelling would uncover evidence of wrongdoing. The detailed account of Cosse's dwelling and firearms provided by named informant Bledsoe, standing alone, is sufficient under Pelham to provide the basis for believing that the firearms would be found with Cosse. Agent Chillcott's independent verification of Cosse's status as a convicted felon supplied the remaining basis for the issuing authority to conclude that the proposed search would uncover a violation of 18 U.S.C. Sec. 922(g). That some of the factual statements may ultimately have been unproven in court (specifically the charge that Cosse brandished a shotgun outside of Bledsoe's dwelling) is irrelevant to this review.
 
 
 12
 Cosse's motion to vacate is based upon United States v. Lopez, 115 S. Ct. 1624 (1995), in which the Court declared as unconstitutional 18 U.S.C. Sec. 922(q), the Gun-Free School Zones Act, primarily because it lacked the jurisdictional element of proving that the firearm affected interstate commerce. The great weight of authority is that a court will not address the merits of a motion to vacate during the pendency of the underlying direct appeal absent extraordinary circumstances. See, e.g., United States v. Wilson, 894 F.2d 1245, 1252 (11th Cir.), cert. denied, 110 S. Ct. 3284 (1990). Cosse does not indicate that any extraordinary circumstances exist beyond his interpretation of Lopez. In addition, the statute of which Cosse stands convicted of violating, 18 U.S.C. Sec. 922(g), was not at issue in Lopez and does contain the interstate commerce nexus lacking in Sec. 922(q). The motion will therefore be denied without prejudice so that Cosse may reassert his claim in a forum that can develop a factual record and then proceed in a more regular fashion.
 
 
 13
 Accordingly, the motion to vacate is denied without prejudice and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation