NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0480n.06
Filed: August 8, 2008

No. 07-5692

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DELAWRENCE WILLIAMS,

     Defendant-Appellant.

_____ /

On appeal from the United States District Court for the Western District of Tennessee

BEFORE:    BOGGS, Chief Judge, RYAN, and COLE, Circuit Judges.

RYAN, Circuit Judge.    The defendant, Delawrence Williams, appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He claims the district court erred in denying his motion to suppress the evidence and that there was insufficient evidence to support his jury conviction. For the reasons set forth below, we affirm the district court's judgment.

**I.**

Dyer County Sheriff's Department Sergeant Kenny Gibbons responded to a domestic disturbance call at Williams's mobile home on September 28, 2003, and, on his arrival, saw Vivial Taylor, Williams's girlfriend, walking away from the mobile home. Gibbons recognized Taylor as Williams's girlfriend based on prior police contact with the couple. According to Gibbons, Taylor told him that she and Williams had an altercation in Williams's home, over his alleged infidelity, and that Williams threw her over a counter in

the kitchen. She told Gibbons that she managed to escape the house and get into her car, and that Williams followed her with a sling blade knife. Taylor then tried to run over Williams with her car and when she was unsuccessful, settled on ramming her car into his.

Gibbons arrested Taylor for aggravated domestic assault and placed her in the police car. Taylor stated that "if she was going to jail," then Williams "was going to jail for a long time" because there were drugs in the house. Gibbons called Dyer County Sheriff's Department criminal investigator Terry McCreight, who proceeded to Williams's mobile home. There were two other officers already on the scene with Williams, who, by that time, had come out of his mobile home. When asked what happened, Williams stated that, "he did it, he hit her, he should go to jail, she shouldn't." Officers arrested Williams and took him to the station.

As it was standard police procedure in domestic dispute cases to ask permission to enter the premises to preserve evidence, Gibbons informed Taylor, at the scene, that he would need to go in the house to take pictures. According to Gibbons, Taylor consented and offered Gibbons her keys. On the bedroom dresser, officers observed a cigar appearing to have marijuana inside, alongside a napkin containing white residue resembling cocaine.

Shortly thereafter, investigator McCreight applied for and was issued a search warrant for Williams's home to search for drugs and firearms. In the supporting affidavit, McCreight did not include the information about the drugs the officers observed in plain view, but asserted instead that Taylor had stated that she observed drugs in the home. Other officers executed the search later that day, and discovered, among other things, a .40-caliber handgun, five plastic bags of cocaine, and a bag of marijuana.

A federal grand jury indicted Williams for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), while state prosecutors pursued a charge of possession of cocaine with intent to sell or deliver.

On September 11, 2006, the district court held an evidentiary hearing on Williams's motion to suppress. Williams argued that the firearm should not be introduced as evidence because it was seized from his residence, in violation of the Fourth Amendment. He claimed that police entered his home without consent and that the affidavit in support of the search warrant application lacked probable cause. The district court denied the motion, holding that Taylor had apparent authority to give consent for the search, and even if she lacked authority, the initial entry for the purpose of taking photographs of the scene of the reported domestic disturbance was made in good faith reliance on Taylor's apparent authority.

The court also held: 1) that the magistrate judge correctly found probable cause to issue the search warrant with regard to the drugs; 2) that the statement in McCreight's affidavit regarding the firearms constituted an intentional or reckless falsehood; but that 3) officers lawfully seized the firearm under the plain view doctrine. A jury convicted Williams of the firearm charge and the court sentenced him to 120 months' imprisonment.

Williams now appeals, arguing the district court erred in denying his motion to suppress, and that the government introduced insufficient evidence to sustain a guilty verdict. Williams has abandoned his argument that officers initially entered his home without consent. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991).

**II.**

Williams argues that his motion to suppress should have been granted because the search warrant affidavit did not show probable cause.

In reviewing a district court's denial of a motion to suppress, we review findings of fact for clear error and conclusions of law de novo, United States v. Hudson, 405 F.3d 425, 431 (6th Cir. 2005), viewing the evidence in the light most favorable to the government. United States v. Galloway, 316 F.3d 624, 628 (6th Cir. 2003).

The search warrant application sought to obtain two types of contraband: drugs and firearms. We are satisfied that probable cause existed within the four corners of the affidavit to support issuance of the search warrant for the drugs despite the district court's error in considering extraneous statements made by officers regarding their observation of drugs in plain view.

When a magistrate is presented with an application for a search warrant, he must consider the totality of the circumstances and "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The magistrate must have a "'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." Id. at 236 (alterations in original) (citation omitted).

We have held that "[w]hen a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the totality of the circumstances presents a substantial basis for conducting a search for that evidence." United States v. Pelham, 801 F.2d 875, 878 (6th Cir. 1986) (internal quotation marks omitted).

McCreight stated in his affidavit that Taylor told him that "there was Cocaine and Marijuana inside of the residence. Vival [sic] Taylor stated she stayed overnight on 09/27/03 at the residence and saw cocaine in the closet of Delawrence Williams['s] residence." We think this statement, plus the fact that Taylor's name appeared in the affidavit, provided the magistrate a substantial basis for issuing the search warrant as it related to the drugs.

Williams argues that Taylor's statements were not credible because she was "mad" at Williams and told police about the drugs out of vengeance, thus negating any probable cause. Williams did not present this argument in the district court; therefore, it is waived. See United States v. Blair, 214 F.3d 690, 697 (6th Cir. 2000). Even if Williams's argument were properly before us, it would fail. We have held that where, as here, an informant is identified in the affidavit (and thus subject to liability for providing false information); has personal knowledge of criminal activity; and provides information consistent with facts independently verified by the police, probable cause may be found to support a search warrant. United States v. Couch, 367 F.3d 557, 560-61 (6th Cir. 2004); see also Pelham, 801 F.2d at 878. We think that, regardless of her motive, Taylor's statements to officers met this standard.

We also agree with the district court that, despite investigator McCreight's false assertion in the search warrant affidavit concerning the presence of firearms in Williams's residence, officers executing the search warrant lawfully seized the .40-caliber handgun because it was in plain view and would have been subject to seizure even if it had not been mentioned in the search warrant. In Blair, we held that "so long as the agent is lawfully present, the discovery is inadvertent, and the incriminating nature of the item is

immediately apparent," the article may be seized. Blair, 214 F.3d at 698 (internal quotation marks and citations omitted).

Here, the officers were lawfully in the home to search for drugs, and during the search, discovered the firearm in the night stand drawer. The weapon was subject to seizure for the further reason that the officers knew from previous dealings that Williams was a felon.

The district court correctly denied Williams's motion to suppress the evidence.

**III.**

Williams next argues that the evidence was insufficient to support his conviction.

We review sufficiency of evidence claims in the light most favorable to the government. If any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," then sufficient evidence exists. Jackson v. Virginia, 443 U.S. 307, 319 (1979). We will "not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." United States v. Wright, 16 F.3d 1429, 1440 (6th Cir. 1994).

In order to prove the felon-in-possession offense, the government must show that: Williams had a previous felony conviction; he possessed a firearm; and the firearm traveled in interstate commerce. 18 U.S.C. § 922(g). Possession can be actual or constructive. Constructive possession is the "ownership, or dominion or control over the item itself, or dominion over the premises where the item is located." United States v. Richardson, 510 F.3d 622, 627 (6th Cir. 2007) (internal quotation marks and citations omitted), cert. denied, 128 S. Ct. 2072 (2008). We think the government produced ample evidence to satisfy all three elements.

First, Williams was a prior felon.  Second, the firearm was shown to have originated outside Tennessee and traveled across the border to reach Williams's home.  Finally, the weapon was in Williams's constructive possession.  The government proved the possession element by introducing numerous exhibits, including:  mail addressed to Williams; utility and phone records from the mobile home; a cell phone box found directly underneath the gun, bearing an identification number matching the cell phone found on Williams's person; and a driver's license and photos bearing Williams's likeness, which were also found in the same bedroom as the firearm.  In sum, we think the government produced more than sufficient evidence to support a rational trier of fact's conclusion that each element of the firearm offense was proved beyond a reasonable doubt.

## IV.

The district court's judgment is **AFFIRMED**.