NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0270n.06
No. 20-5997

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 03, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff–Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| PIERRE DEANDRE WOODS, | ) | |
| | ) | **OPINION** |
| **Defendant–Appellant.** | ) | |
| | ) | |

Before: MOORE, CLAY, and STRANCH, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Pierre Woods appeals the district court's denial of his motion to suppress. Police officers arrested Woods at his workplace, after a search of his car pursuant to a warrant led to the officers discovering a firearm. Subsequently, a jury found Woods guilty of being a felon in possession of a firearm. On appeal, Woods contends that the affidavit supporting the search warrant did not establish probable cause. For the reasons stated below, we affirm the district court's denial of the motion to suppress.

## I. BACKGROUND

Neither of the parties dispute the facts surrounding Woods's arrest. On the morning of February 20, 2019, Investigator Chris Burkeen of the Bolivar Police Department responded to a call reporting a domestic violence incident at the Bolivar Inn Motel. Upon arriving, Burkeen spoke with Briana Barnes, the alleged victim. The following facts reported from that interaction formed the basis of the search warrant affidavit.

Barnes related to Burkeen that Woods beat her on many occasions and that she was "in fear for her life." R. 21-1 (Search Warrant Aff.) (Page ID #64). Burkeen observed bruises on her face but noted that they were not recent. Barnes explained that Woods "[was] aggressive and keeps a firearm in his vehicle while at work and in [their] room when not at work." *Id*. Barnes described the weapon as a black handgun that Woods was keeping "fully loaded in his 2004 Ford Crown Victoria," at his workplace, Henson Trucking. *Id*. Barnes added that the gun would be in the glove compartment of the car. She also told Burkeen that Woods was a convicted felon.

Barnes divulged even more information to Burkeen. She related that Woods sold marijuana out of the hotel room and that people came to their room "at all hours of the night" to buy marijuana and other narcotics. *Id*. After receiving Barnes's consent, Burkeen searched the room and discovered bags of marijuana in the two locations where Barnes reported that Woods kept his drugs. Barnes, who was pregnant, reiterated that she feared for her life, especially because Woods told her that he would kill her if she called the police. Barnes wrote a detailed statement of facts describing the events that led up to the call, then Burkeen took Barnes to a shelter for domestic violence victims. Based on Barnes's statements, Burkeen sought and received a warrant to search Woods's car at Henson Trucking. As predicted by Barnes, while searching the vehicle, Burkeen discovered a loaded black handgun in the glove compartment. Burkeen then arrested Woods.

A grand jury indicted Woods on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Subsequently, Woods filed a motion to suppress, arguing that the warrant affidavit did not establish probable cause because the affidavit was based on stale information and on the tip of an unreliable informant, Barnes, and the police had not corroborated

her statements. The district court denied the motion, finding that staleness was not an issue and that Barnes's status as an eyewitness to Woods's criminal activity, coupled with other indicia of reliability found in the affidavit, was enough to establish Barnes's reliability and support a finding of probable cause. The parties proceeded to trial, and a jury found Woods guilty of being a felon in possession of a firearm. The district court entered judgment, and Woods now appeals the denial of the motion to suppress.

## II. ANALYSIS

### A. Standard of Review

When reviewing a district court's denial of a motion to suppress, we review the factual findings for clear error and the legal conclusions as to the existence of probable cause de novo. *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999). Because the district court denied the motion, "we must consider the evidence in the light most favorable to the government." *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993). In contrast, "[t]he standard of review for determining the sufficiency of the affidavit 'is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). We afford "great deference" to the issuing judge's probable-cause determination. *Davidson*, 936 F.2d at 859. And we do not set aside a judge's determination of probable cause unless we conclude that it was "arbitrarily exercised." *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir. 1993). We apply this same standard of review to determine whether the information supporting the affidavit is stale. *Rodriguez-Suazo*, 346 F.3d at 643–44.

**B. Reliability of Barnes's Tip**

Woods argues on appeal that the district court erred by denying his motion to suppress the evidence obtained in the search of his car because the search warrant's affidavit was based on uncorroborated statements from an unreliable informant, Barnes, and thus could not establish probable cause. In *Illinois v. Gates*, the Supreme Court crafted a "totality-of-the-circumstances" test for determining when an informant's tip establishes probable cause for issuing a warrant. 462 U.S. 213, 238 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. As the Supreme Court and our circuit have recognized, "[i]nformants' tips, like all other clues and evidence . . . may vary greatly in their value and reliability," and a deficiency in one indicium of reliability may be overcome by pointing to other indicia of reliability. *Id.* at 232–33 (quoting *Adams v. Williams*, 407 U.S. 143, 147 (1972)); *United States v. Ferguson*, 252 F. App'x 714, 720–21 (6th Cir. 2007) (noting that "[o]ur cases have identified three categories of informants" and have attached different presumptions of reliability or unreliability to each category). Because the facts contained in the affidavit support the issuing judge's finding that Barnes was a credible informant whose information was reliable, we conclude that there was a substantial basis for the issuing judge's probable-cause determination.

We start with Barnes's informant status. Burkeen named Barnes in the affidavit. Our court has held that "[s]tatements from a source named in a warrant application . . . are generally sufficient to establish probable cause without further corroboration because the legal consequences

of lying to law enforcement officials tend to ensure reliability." *United States v. Hodge*, 714 F.3d 380, 384–85 (6th Cir. 2013); *United States v. Williams*, 544 F.3d 683, 690 (6th Cir. 2008) ("[N]amed informants, unlike confidential informants, require little corroboration."); *see also United States v. Howard*, 632 F. App'x 795, 800–01 (6th Cir. 2015) (collecting cases; noting that the affidavits in these cases contained other indicia of reliability along with the informant's name). Here, that Barnes faced the threat of prosecution for initiating a false report or statement to the police bolsters her reliability. *See* Tenn. Code Ann. § 39-16-502(a)(1). And neither the lack of corroboration nor the fact that Barnes is a first-time informant diminishes her credibility here. *See United States v. Kinison*, 710 F.3d 678, 682–83 (6th Cir. 2013).

Furthermore, Barnes's status as an eyewitness to Woods's criminal activity lends her tip significant weight in the totality-of-circumstances analysis. We generally assign "a presumption of reliability and veracity" to eyewitness statements "based on firsthand observations." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999); *see also Gates*, 462 U.S. at 233–34 ("[I]f an unquestionably honest citizen comes forward with a report of criminal activity—which if fabricated would subject him to criminal liability—we have found rigorous scrutiny of the basis of his knowledge unnecessary."). The district court found that the statements in the affidavit reasonably implied that Barnes and Woods shared the hotel room, which gave Barnes firsthand knowledge of Woods's criminal activities, including his unlawful possession of a gun. R. 24 (Order Denying Mot. to Suppress at 9) (Page ID #74). We agree with the district court's finding. True, the affidavit does not state expressly the length of time Woods and Barnes had been cohabiting or even the last time that Barnes had seen Woods with the gun. But it was reasonable for the issuing judge to infer that Barnes consistently and recently had seen Woods with the gun

given her statements that Woods continuously kept the gun with him and her present tense statements indicating that the gun was then located in the glove compartment of Woods's vehicle. *See United States v. Church*, 823 F.3d 351, 356 (6th Cir. 2016) (noting that "what counts is the affidavit's content, not its 'technical perfection'" (quoting *United States v. Brooks*, 594 F.3d 488, 490 (6th Cir. 2010))); *United States v. Hampton*, 760 F. App'x 399, 403 (6th Cir. 2019) (holding that an affidavit's failure to state explicitly that an informant had seen firearms during a recent visit to the defendant's house did not preclude a magistrate from reasonably inferring that the informant had seen the firearms at that time).

Our decision in *United States v. Pelham* counsels us to conclude that the totality of the circumstances supports a finding that the issuing judge had a substantial basis for issuing the warrant to search Woods's car. 801 F.2d 875 (6th Cir. 1986). In *Pelham*, we held that "[w]hen a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence." *Id.* at 878. In such cases, an affidavit need not contain other information about the informant's reliability. The totality of circumstances in this case is substantially similar, with one small caveat: Barnes did not state explicitly that she recently had seen the gun in the glove compartment of Woods's car. But Barnes did describe how Woods took a black handgun with him in his car whenever he left for work, including particular details like the make, model, and year of Woods's car, the location of Woods's workplace, and the exact location where he stored the gun in the car. Barnes's detailed description of the nature and location of the gun strengthens the reliability of her story in the absence of an explicit statement of firsthand observation. *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) ("An explicit and detailed

6

description of the alleged wrongdoing allows a magistrate to 'reasonably infer that the informant had gained his information in a reliable way.'" (quoting *Spinelli v. United States*, 393 U.S. 410, 417 (1969))).

Woods's strongest attack on Barnes's credibility is that Barnes, as a victim of Woods's abuse, had a motive to lie to the police about the gun. Appellant Br. at 20–21. We have held that an eyewitness's uncorroborated statements may fail to establish probable cause "where there is an apparent reason for the officer to believe that the eyewitness was lying." *Courtright v. City of Battle Creek*, 839 F.3d 513, 521–22 (6th Cir. 2016) (quoting *Wesley v. Campbell*, 779 F.3d 421, 430 (6th Cir. 2015)). But the Supreme Court has also cautioned that other indicia of reliability can overcome doubts about an eyewitness's motive, such as, for example, when the witness gives an "explicit and detailed description of alleged wrongdoing" based on first-hand knowledge. *Gates*, 462 U.S. at 234. As we discussed earlier, Barnes's statements meet this standard. Furthermore, as the district court recognized, Barnes came forward to report Woods's activities "at great risk to her personal safety." R. 24 (Order Denying Mot. to Suppress at 9) (Page ID #74). "A baseless accusation in these circumstances is not likely." *United States v. Wong*, 470 F.2d 129, 131 (9th Cir. 1972). In short, the indicia of reliability surrounding Barnes's statements far outweigh any unexpressed grudge she may have held.

The deference we afford to an issuing judge's finding of probable cause, even in doubtful cases, grounds our determination that the state judge did not arbitrarily find that the affidavit established probable cause. *See Gates*, 462 U.S at 236–37 & n.10. We conclude that Barnes's firsthand account of Woods's criminal activity, combined with her detailed description of Woods's habits concerning the handgun and her willingness to be named on the record, is sufficient under

the "totality of circumstances test" to constitute a substantial basis for concluding that a search of Woods's car at his workplace would uncover evidence of contraband.

## C. Staleness of Barnes's Tip

Woods also argues, albeit briefly, that the affidavit could not support a finding of probable cause because Barnes provided stale information. Appellant Br. at 19–20. Stale information cannot establish probable cause. *Brooks*, 594 F.3d at 493. When assessing whether an affidavit relies on stale information, "we consider the inherent nature of the suspected crime and the objects sought." *United States v. Akram*, 165 F.3d 452, 456 (6th Cir. 1999). Generally, we review a number of factors, including: "(1) whether the character of the crime is a chance encounter or continuous in nature; (2) whether the suspected criminal is nomadic or entrenched; (3) whether the evidence to be seized is perishable or enduring; and (4) whether the place to be searched is a mere forum of convenience or secure operational base." *Hampton*, 760 F. App'x at 402 (citing *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)). On appeal, Woods does not dispute the district court's conclusion that the factors weigh against a finding of staleness.[1] Appellant Br. at 20. Instead, he contends that the district court could not gauge the staleness of the information because the informant was unreliable. Because we already have concluded that Barnes's tip was reliable, this argument is unavailing.

---

[1]We agree with the district court's assessment of the factors. *See* R. 24 (Order Denying Mot. to Suppress at 4–8) (Page ID #69–73). We have held consistently that being a felon in possession of a firearm is an ongoing offense that weighs heavily against a finding of staleness, especially because of the durable nature of firearms and their continuing value to their possessor. *United States v. Goodwin*, 552 F. App'x 541, 544–45 (6th Cir. 2014) (collecting cases). Given that Burkeen sought a search warrant within twenty-four hours of interviewing Barnes, R. 21-1 (Search Warrant Aff.) (Page ID #64), Barnes's statements regarding Woods's recent possession of the handgun clearly do not constitute stale information.

Woods also briefly argues that the information Barnes provided was stale because she did not state explicitly when she last saw Woods with the firearm.  We have dealt with this issue as well.  The facts in the affidavit allowed the issuing judge reasonably to infer that Woods and Barnes cohabited in the motel room.  Barnes's personal knowledge and detailed description of Woods's habits concerning the gun, as well as her present tense statements, show that the affidavit relied on current information.  The information contained in the affidavit gave the issuing judge a substantial basis to conclude that, at the time the warrant was issued, there was probable cause to believe that the handgun would be found in Woods's car.

Woods has failed to demonstrate any reason why we should set aside the issuing judge's probable-cause determination.  Thus, it is not necessary to address whether the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984), applies to this case.

### III.  CONCLUSION

Accordingly, we **AFFIRM** the district court's denial of the motion to suppress.