NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0424n.06

Case No. 22-1472

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 04, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| SCOTT A. LANTZY, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; COLE and THAPAR, Circuit Judges.

COLE, Circuit Judge. Scott Lantzy was indicted on child pornography charges based on evidence found in a warranted search of his home. He moved to suppress the evidence, arguing that the search warrant relied on stale information and lacked probable cause. The district court denied the motion. Lantzy was convicted of five counts relating to possession, transportation, or receipt of child pornography. Lantzy appealed the district court's denial of the motion to suppress. As the information was not stale and the magistrate had a substantial basis for finding probable cause, we affirm.

I.

On September 24, 2018, Angela Ackley, a detective lieutenant with the Roscommon County Sheriff's Office, learned from witnesses that Scott Lantzy, a registered sex offender, had impersonated an EMT at a high school football game three days prior. When a player broke his leg, Lantzy pretended to assist with treatment and followed the player to the hospital. Lantzy

remained in the player's hospital room for over two hours before he was identified as an imposter.

Ackley learned that Lantzy had developed a close relationship with another student. Ackley spoke with that student the same day. The student told Ackley that he met Lantzy when Lantzy was an umpire for a softball game, that Lantzy had given him gifts, and that Lantzy previously asked the student and his friend to housesit for several days, beginning on August 9, 2018. Lantzy gave the student and his friend a camera to "take pictures of what they were doing at his house while he was gone." (Warrant Aff., R. 40-1, PageID 113–14, ¶ 23.) While out of town, Lantzy texted daily to see if they had taken any pictures and requested that the student send a photo of himself. In response to the photo, Lantzy commented, "nice to see that your [sic] clothed." (*Id*. at PageID 114, ¶ 24.) During that time, Lantzy also engaged in text conversations about sex with the student.

Lantzy returned the following Sunday night, and he took the student to the grocery store the next day. The student looked through Lantzy's phone while Lantzy was in the store. In the phone, he found a photo album labeled "FUN" that contained naked photos of young boys, as well as photos of himself and his friends that he had not sent to Lantzy. (*Id*. at PageID 114, ¶¶ 27–29.)

Ackley swore to an affidavit containing this information before a magistrate. The magistrate issued a search warrant for Lantzy's house and electronic devices. After he was indicted, Lantzy moved to suppress the evidence recovered in the search. The district court denied the motion. A jury convicted Lantzy of child pornography offenses and Lantzy brought this appeal.

II.

The Fourth Amendment prohibits "unreasonable" searches and seizures and requires that search warrants be supported by "probable cause." U.S. Const. amend. IV. If police obtain

evidence via a search that lacked probable cause, courts may suppress that evidence under the exclusionary rule. *Davis v. United States*, 564 U.S. 229, 236 (2011).

In an appeal from a denial of a motion to suppress evidence recovered under a warrant, we review the district court's after-the-fact legal determination de novo, *United States v. Waide*, 60 F.4th 327, 335 (6th Cir. 2023), but give "great deference" to the initial finding of probable cause by the magistrate who issued the warrant, *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). We uphold the magistrate's determination if the magistrate had a "substantial basis" to find that the affidavit supported probable cause. *Johnson*, 351 F.3d at 258 (quotation omitted).

To provide a substantial basis for probable cause, the affidavit must include "particularized facts" showing a "fair probability" that evidence will be found at the place searched. *United States v. McPhearson*, 469 F.3d 518, 524 (6th Cir. 2006) (quotation omitted). Rather than conducting a hyper-technical line-by-line analysis, we review the affidavit in a commonsense manner by examining the totality of circumstances of the information presented. *Johnson*, 351 F.3d at 258.

Lantzy first argues that the affidavit did not support probable cause because information from the student was unreliable; specifically, that the student did not give a detailed description of the outside of the phone, and that he had not previously given information to police. (Appellant Br. 16–17.) But the student did describe where and how he saw the child pornography—in an album labeled "FUN" on Lantzy's phone, while he was sitting in Lantzy's car at the grocery store. As here, "[w]hen a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, 'the totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence." *United States v. Pelham*, 801 F.2d 875, 878 (6th Cir. 1986). And we have held that such information can support probable cause even if the witness has not previously provided information to police. *United States v. Kinison*, 710 F.3d 678, 682 (6th

Cir. 2013).

There were many other facts in the affidavit suggesting a fair probability that evidence of child pornography would be found on Lantzy's phone and other electronic devices at his home. In the album containing child pornography, the student saw "photos of himself and his friends that [the student] did not provide to" Lantzy. (Warrant Aff., R. 40-1, PageID 114, ¶ 28.) Lantzy left a camera for the student to take pictures while housesitting, engaged in text conversations with the student about sex, asked the student to send photos of himself, and noted that the student was "clothed" when the student sent a photo. Further, Lantzy recently disguised himself as an EMT to get close to another student, and he had a history of sex offenses targeting minors of high school age. Ackley's affidavit stated that she had specialized experience and training in computer related crimes against children. Ackley was "aware that it is common for [possessors of child pornography] to store the images in a file they can easily access . . . on a cell phone that holds data or a computer that contains a full hard drive." (*Id.* at PageID 115, ¶ 40.) Based on the totality of the circumstances presented by the facts above, the magistrate had a substantial basis for finding probable cause.

Lantzy also argues that the magistrate improperly considered undated and stale information, specifically the student's report that he had seen child pornography on Lantzy's phone. (Appellant's Br. 14–15.) Stale information cannot support probable cause. *United States v. Frechette*, 583 F.3d 374, 377 (6th Cir. 2009).

As a preliminary matter, the relevant dates in the student's report were not omitted from the affidavit. The student observed the child pornography on the day after the Sunday following August 10, 2018. (Warrant Aff., R. 40-1, PageID 113–14, ¶¶ 21–30.) Ackley interviewed the student and obtained the warrant six weeks later, on September 24, 2018.

Nor had the information become stale under these circumstances. Information becomes stale when it no longer suggests a fair probability that evidence will be at the location to be searched. *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006). To evaluate staleness, this court considers the nature of (1) the crime, (2) the evidence sought, (3) the place to be searched, and (4) the suspected person's connection to the place to be searched. *See id.* at 572–73. Here, all four factors indicate that the information was not stale.

First, as possession of child pornography is "generally carried out in the secrecy of the home and over a long period," we have held that evidence of this crime is not stale even when more than a year old. *Frechette*, 583 F.3d at 378 (quoting *United States v. Paull*, 551 F.3d 516, 522 (6th Cir. 2009)). Here, the student saw the images just six weeks prior to the warrant's issuance.

Second, unlike drugs which are bought, sold, and consumed, digital images may have "an infinite life span" because they can be copied or shared, and their traces cannot be easily scrubbed from phones or computers. *Frechette*, 583 F.3d at 379.

The third factor also weighs against staleness because the place to be searched was Lantzy's home. *Id.* at 379. We have explained that, as possessors of child pornography generally keep images at home over a long period, information pointing to evidence of the crime in the home does not become stale quickly. *Id.* (citing *Paull*, 551 F.3d at 522).

Finally, Lantzy was closely connected to the place listed in the warrant as it was still his residence. *See Frechette*, 583 F.3d at 379. Lantzy asked the student to watch his house while he was away for a few days, indicating that this was his permanent home. As a sex offender, Lantzy was required to keep his address updated and Ackley confirmed that he was registered at that address prior to applying for the warrant.

As all four factors weigh against staleness, the magistrate properly considered the student's report in the probable cause determination.

Finally, Lantzy argues that the magistrate improperly considered medical information from a parole report stating that Lantzy "may have underlying mental health issues [and] sociopathic tendencies." (Warrant Aff., R. 40-1, PageID 114, ¶ 33.) Lantzy contends without support that "the release of this information was illegal." (Appellant's Br. 18.) We do not find this argument persuasive, but even if it were, the affidavit would support probable cause because it would do so with the medical information excised. *See United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005).

III.

For the foregoing reasons, we affirm.